ISAAC C. HANSCOM V. PETER BURMOOD.

[FILED OCTOBER 26, 1892.]

1. **Witnesses:** IMPEACHMENT: PRELIMINARY STEPS. When it is sought to impeach a witness by proving that he has made statements out of court, or upon a former trial, contradicting his testimony, the attention of the witness must be first called to the alleged statements, to the time and place of making them, and to whom made.

2. **Herd Law:** TAKING UP TRESPASSING ANIMALS. The person taking up stock for trespassing upon cultivated lands must comply substantially with the requirements of the herd law, particularly the giving of notice, unless the same are waived, or he will acquire no lien upon such stock.

3. ——: ——: NOTICE TO OWNER. The party taking up stock must give notice to the owner thereof within a reasonable time after the same is taken up.

4. **Replevin:** VERDICT: ASSESSING VALUE OF PROPERTY. In replevin, when the property has been delivered to the plaintiff, who is the general owner thereof, if the jury find in his favor, it is unnecessary for them to assess the value of the property.

5. ——: JUDGMENT IN ALTERNATIVE: RETURN OF GOODS OR VALUE. In such an action, where a verdict is returned in favor of the plaintiff, a judgment in the alternative for the return of the property, or, in case a return cannot be had, the value thereof, is improper, but the judgment will not be reversed on that ground where it appears that the property was in plaintiff's possession when the judgment was entered.

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*Thompson Bros.,* for plaintiff in error.

*Thummel & Platt, contra.*

NORVAL, J.

This was an action in replevin, brought by Peter Burmood to recover the possession of eight calves. The prop-

erty was taken under the writ of replevin by the sheriff, and the possession thereof delivered to the defendant in error. On the trial the jury returned a verdict finding that the plaintiff at the commencement of the action was the owner and entitled to the possession of the calves; that they were of the value of $75, and that the damages for the unlawful detention were $2.50. A motion for a new trial was made by plaintiff in error, which was denied by the court, and judgment was rendered in accordance with the verdict.

The proofs show that at and prior to the commencement of the suit the parties resided on adjoining farms, and that defendant in error was the owner of the stock in question. The plaintiff in error introduced evidence tending to show that the calves were trespassing upon his cultivated lands. The evidence on the part of the defendant in error is to the effect that the calves escaped from his premises and went upon the highway, and were driven from the public road by plaintiff in error onto his farm, where they were placed in an enclosure; that as soon as the owner learned of their whereabouts he went to the residence of plaintiff in error for the purpose of bringing them home, and asked him to state the amount of damages they had committed, which he declined to do; that thereupon plaintiff in error in an angry and violent manner attacked defendant in error with a club, and drove him from his premises and refused to allow him to take away the calves. Subsequently this action was commenced.

The evidence was sufficient to authorize the jury in finding that the calves were not trespassing upon the premises of plaintiff in error, and that he wrongfully detained the same.

The main controversy in the court below was whether the calves, at the time they were taken up, were feeding in defendant's corn field. On the trial plaintiff called and examined as a witness one Eberhart Kurz, who testified

that within a day or two after the stock had been taken up, at the request of Mr. Burmood, he made a thorough examination of Mr. Hanscom's premises and was unable to find any tracks in the field of corn where it was alleged the calves had been trespassing. Counsel for defendant then offered to prove by Mr. Hanscom that Eberhart Kurz had testified, on the trial of the cause in the justice court, that he was in the corn field and saw the calves' tracks there at the time he made the examination of the premises referred to in his testimony, which offer was objected to by the attorney for defendant in error, and the objection was sustained by the court. This ruling is now assigned for error. The excluded testimony was offered for the purpose of impeachment, and the proper foundation for its introduction had not been laid. The witness Kurz was not asked, when on the witness stand, whether he had testified upon the former trial that he saw the calves' tracks in the corn field. Where it is sought to impeach a witness by proving that he has made statements out of court, or upon a former trial, contradicting his testimony, the attention of the witness must be first called to the alleged statements, to the time and place of making them, and to whom made. (*Wood River Bank v. Kelley*, 29 Neb., 591.)

Objection is made to the third instruction given by the court on its own motion, which is as follows: "If you find from the evidence that the calves in controversy were on the 27th day of September, 1889, trespassing on the cultivated lands of the defendant, and damaged the defendant in any sum, the defendant has a right to impound said calves while so trespassing, and hold them until paid his damages, provided he gave the notice required by section 3 of the herd law, in a reasonable time after taking up said calves in the manner and according to the requirements of said section 3 of the herd law, and would be entitled to the possession of the said calves until paid his damages."

It is the duty of a person taking up stock trespassing

Hanscom v. Burmood.

upon cultivated lands, under the provisions of the herd law, to give written notice to the owner of such stock, if known, within a reasonable time after the same is taken up, stating therein the amount of damages claimed and naming the arbitrator by him selected for the purpose of assessing the damages sustained by the trespassing animal. The taker-up must comply substantially with the requirements of the statute, unless the same are waived, or he will acquire no lien upon such stock. Doubtless the written notice may be waived, as where a verbal one is given and the owner acts thereunder and appoints his arbitrator. But there was no waiver in this case. Plaintiff in error failed to choose an arbitrator and refused to state the amount of damages he claimed. The instruction complained of was not only correct as a legal proposition but was applicable to the facts proven.

Complaint is made of the form of the judgment. The jury found the value of the property and assessed damages to the plaintiff for the detention. The judgment is "that the plaintiff have and recover from the said defendant the return of the calves in controversy; or, if the same cannot be returned, then that the said plaintiff shall have and recover of and from said defendant the sum of $75, and his damages aforesaid in the sum of $2.50, and the costs of this action taxed at $———." The verdict and judgment are both in form objectionable. Plaintiff is the general owner of the property, which was in his possession at the time of the trial and the rendition of the judgment, he having become possessed of this property by means of the order of replevin. Its value should not have been assessed by the verdict nor a judgment rendered for the same, but merely for the damages found by the jury for the unlawful detention. Had the verdict been in favor of the defendant, then a judgment in the alternative in his favor for a return of the property, or for its value, would have been proper. Notwithstanding the judgment is wrong in form, the de-

fendant is not in any manner prejudiced thereby, for the reason the property was already in plaintiff's possession, so that the alternative part of the judgment was fully satisfied when rendered.    There  being  no  reversible error  in  the record, the judgment is

AFFIRMED.

THE other judges concur.