THE OHIO CONFECTION COMPANY v. THE EIMON MERCANTILE COMPANY.[1]

February 2, 1923.

No. 23,225.

**Sale—no delivery of goods because of failure to obey shipping instructions.**
1. Goods were ordered to be shipped by the seller to the buyer by boat. They were shipped by rail instead. Because the shipment was not made in accordance with the terms of the order, the property in the goods did not pass to the buyer and there was no delivery of the goods.

**Goods ordered for immediate shipment forwarded after four months.**
2. By the terms of the order the goods were to be shipped to Superior, Wisconsin, at once. They were intended to supply the passenger boat trade on the Great Lakes, were ordered on May 4, and

[1]Reported in 191 N. W. 910.

were not shipped until September 7, when the season of navigation was nearly over. Under these circumstances, the shipment was too late and the buyer was not obliged to receive or accept the goods, unless there was a waiver of the right to insist on an earlier shipment.

### No waiver because of silence of buyer.

3. A portion of the goods ordered was shipped in June. Noted upon the invoice were the words "balance will follow." The buyer made no demand for the shipment of the remaining goods. On September 7 it sent a telegram canceling the order as to a portion of the goods still to come. It sent no other communication to the seller. Neither its silence nor its telegram was a manifestation of an intention to waive prompt shipment.

Action in the municipal court of Duluth to recover $77.75. The case was tried before Lanners, J., who at the close of the testimony denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed to the district court for St. Louis county, where the order of the municipal court was approved by Cant, Hughes and Freeman, JJ., and disapproved by Dancer, Fesler and Magney, JJ. From the order of affirmance of the district court, defendant appealed to the supreme court. Reversed.

*McClearn & Gilbertson,* for appellant.
*Courtney & Courtney,* for respondent.

LEES, C.

Action in the municipal court of the city of Duluth to recover the purchase price of candy ordered by defendant from plaintiff. Plaintiff is a manufacturer of candy at Cleveland, Ohio. Defendant is a grocer at Superior, Wisconsin. On May 4, 1920, G. M. Haugner, then in charge of defendant's confectionery department, gave the order to Barney Sands, one of plaintiff's traveling salesmen. Sands wrote the order and left a copy with Haugner. It contained these words: "How ship: Boat. When: At once." A portion of the order was filled on June 18 and is not here involved.

The remainder of the candy ordered was shipped by plaintiff by rail on September 7. Defendant refused to receive or accept it on the ground that it came too late and was not shipped by boat, and this action followed.

The complaint alleged a sale and delivery of the candy, the agreed price, and a failure to pay. The answer was a general denial. The trial was by jury. Sands was a witness for plaintiff. He testified that the order he left with Haugner was not worded the same as the one he sent in to plaintiff. The latter was produced and received in evidence over defendant's objection. It read: "Ship to Eimon Mercantile Co., R. R. Station. Superior, Wis. When: —." He also testified that Haugner said he wanted the candy as soon as plaintiff could possibly ship it, and that he told him shipment would be made as soon as possible.

Haugner testified that he asked for immediate shipment because the candy was ordered for the boat trade and the season is short; that it is cheaper to ship by boat than by rail; and that the order, with respect to the time and manner of shipment, was written in accordance with his instructions. He denied that the candy was ordered for shipment as soon as possible. It appeared that on September 7 he sent a telegram to plaintiff, which read: "Cancel order for 5 cs. Sunny Jim. Acknowledge." Sunny Jim was part but not all of the candy covered by the unfilled portion of the order. His explanation was that he was then taking charge of another department of defendant's business, came across the order, noticed that it had only been partially filled, and sent the telegram as a precaution. Asked whether the shipment was refused because it was not made by boat, he answered that the difference in rates would have been deducted if the shipment had been accepted; that it came too late because the season was over. It appeared that the words "balance will follow" were written on the invoice of the June shipment. Haugner admitted that he noticed these words and did nothing aside from sending the telegram referred to.

The court instructed the jury that, if the agreement was that the goods were to be shipped at once, defendant was entitled to a verdict unless it had waived its right to insist upon such shipment.

No exceptions were taken to the charge. The verdict was in favor of the plaintiff. Upon a settled case, defendant moved for judgment or a new trial and appealed to the district court from an order denying the motion.

The appeal was heard by the six judges of the Eleventh judicial district. They were unable to agree, three being of the opinion that the order should be affirmed, and three of a contrary opinion. As a result of this division of opinion, the order was affirmed and defendant has appealed. The conflicting views of the district judges are set forth in memoranda filed with the order. Those favoring an affirmance were of the opinion that the municipal court did not err in receiving in evidence the order Sands sent to plaintiff, although it differed from the one he left with Haugner. They said it was an untrustworthy item of evidence and probably received scant consideration at the hands of the jury, but, if it was erroneously admitted, the error was not prejudicial, and that the jury doubtless disposed of the theory that defendant had waived its right to a prompt delivery. The words "balance will follow" on the June invoice, the absence of any attempt to cancel the order prior to September 7, and Sands' testimony as to what was said about delivery when he took the order, were mentioned as circumstances warranting the jury in concluding that there had been a waiver.

The judges who were of a contrary opinion said the evidence would hardly sustain a finding that it was ever understood that the period of delivery designated as "at once" could be extended over the entire summer season; that the words "balance will follow" on the invoice meant that it would follow within a reasonable time; that shipment by rail instead of by boat was contrary to the terms of the order and was not a delivery to defendant, and hence title did not pass and plaintiff's remedy, if any it had, was an action for damages for breach of contract.

Our opinion coincides with that expressed by the judges who favored a reversal of the order. It can hardly be said that there was prejudicial error in the admission in evidence of the order Sands sent to plaintiff, but nevertheless it seems clear that the shipment was not made in time under the terms of either order. The de-

livery to the railroad company did not operate to transfer the property in the goods and was not a delivery to defendant if the rights of the parties are determined by the order Sands left with Haugner. Jones v. Schneider, 22 Minn. 279; Hoover v. Maher, 51 Minn. 269, 53 N. W. 646; Banik v. Chicago, M. & St. P. Ry. Co., 147 Minn. 175, 179 N. W. 899.

Subdivision 2 of rule 4, section 19, Uniform Sales Act [Laws 1917, p. 773] declares that a delivery by the seller to a carrier (whether named by the buyer or not) for transmission to the buyer is presumed to be an unconditional appropriation of the goods to the contract; and subdivision 1 of section 46 [Laws 1917, p. 781] in similar terms, declared that such delivery is deemed a delivery to the buyer unless a contrary intent appears. The inference is that, if the buyer designates a carrier to whom the goods are to be delivered for transportation, a delivery to another carrier will not be regarded as a delivery to the buyer. A more important consideration is that the seller was bound to send the goods within a reasonable time, even if none was fixed. Subdivision 2 of section 43, Uniform Sales Act [Laws 1917, p. 780]. But the contract did fix the time, and, in view of the purpose for which the goods were intended and the shortness of the season of navigation on Lake Superior for passenger boats, shipment was not made within the time contemplated by the parties when the goods were ordered.

We discover nothing in the record which would justify a jury in finding that there had been a waiver of defendant's right to insist upon prompt shipment of the goods. Waiver is a question of intention and must be manifested in some unequivocal manner. Parsons, Rich & Co. v. Lane, 97 Minn. 98, 106 N. W. 485, 7 Ann. Cas. 1144; Knox-Burchard M. Co. v. Hartford Fire Ins. Co. 129 Minn. 292, 152 N. W. 650; Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496; Henry v. Hutchins, 146 Minn. 381, 178 N. W. 807; Hohag v. Northland Pine Co. 147 Minn. 38, 179 N. W. 485. Silence, when there is no occasion to speak is not a waiver. List & Son Co. v. Chase, 80 Oh. St. 42, 88 N. W. 120, 17 Ann. Cas. 61; Welsbach Street Lighting Co. v. Wichita, 101 Kan. 452-460, 168 Pac. 1090; Gary Realty Co. v. Kelly, 278 Mo. 450-472, 214 S. W. 92. Defendant was advised

by the June invoice that the remainder of the goods ordered would follow. It had the right to assume that they would follow promptly. It did and said nothing to indicate that it would not insist upon a reasonable compliance with the terms of the order respecting the time of shipment. The telegram of September 7, sent under the circumstances related by Haugner, was not an unequivocal manifestation of an intention to waive delivery, either within the time specified in the order or within a reasonable time after the June shipment.

The case is not one for judgment notwithstanding the verdict, for it is not clear that the deficiencies in the proof of waiver cannot be remedied on another trial. Order reversed and a new trial granted.