## ANTON PRUKA v. JOHN MAROUSHEK.[1]

January 30, 1931.

No. 28,149.

Webber, George & Owen and F. E. Withrow, for appellant.

Lamberton & Lamberton, for respondent.

[1]Reported in 234 N. W. 641.

OLSEN, J.

Plaintiff appeals from an order denying his motion for a new trial.

He sued in replevin to recover a dozen sheep. Defendant answered that the sheep had been distrained by him for doing damage on his land and that he had caused the damages to be assessed as provided by the statute, G. S. 1923 (2 Mason, 1927) §§ 7274-7282; that the damages had not been paid; and that he was entitled to hold the sheep until the damages were paid or the sheep sold to pay them. Defendant recovered a verdict that he was entitled to the possession of the sheep, of the value of $120.

It developed by the evidence that the notice required by G. S. 1923 (2 Mason, 1927) § 7275, was not given and that plaintiff did not appear at and took no part in the proceedings before the justice for the appointment of appraisers, nor was plaintiff present at the time when or place where the appraisement of damages was made.

The statute requires that the person distraining shall give notice to the owner of the animals,

"specifying in such notice the time when and place where distrained, the number of beasts, and the place of their detention, and that at a time and place stated therein, which shall not be less than twelve hours after the service of such notice, nor more than three days after such distress, he will apply to a designated justice of the peace of the county for the appointment of appraisers to appraise the damages."

Upon such application the justice then appoints three appraisers, who immediately proceed to view and appraise the damage and hear any evidence presented.

It is evident that the notice required is written notice and the basis of jurisdiction on the part of the justice to appoint appraisers. It is the only notice to the owner and is jurisdictional. The object of the notice is to give the owner opportunity to be present and be heard on the appointment of appraisers and to be present and be heard before the appraisers on the question of damages.

The distraint law at best is a drastic law, whereby the owner's property may be seized and sold without suit or judgment in a court of law. For that reason the general rule is that such proceedings, in order to be valid, must be in strict conformity with the statute. 3 C. J. p. 138, § 416, and note 36.

■ Defendant seeks to sustain the distraint proceeding by claiming that plaintiff waived the notice. If plaintiff had appeared and taken part in the appointment of appraisers and the appraisement, he would have waived notice. Hanscom v. Burmood, 35 Neb. 504, 53 N. W. 371. But he had no notice of the time or place thereof and did not appear. Defendant's evidence as to waiver is that of his son Ben, who testified that about a half hour after the sheep had been taken he went to plaintiff's residence and told plaintiff he had taken up 12 of his sheep, and that plaintiff told him "to have the damages appraised and he would pay for them." While plaintiff denies making any such statement, we are to take the evidence here in its most favorable light for defendant and must give full effect to the testimony given by Ben. But a statement to go ahead and have the damages appraised cannot reasonably be construed to mean anything more than to have the damages appraised in accordance with law. To have damages appraised included notice and opportunity to plaintiff to take part in the appraisement. That plaintiff would pay the damages was but a statement that he would pay such damages as were lawfully appraised so as to result in a legal liability against him. We see nothing more in this statement than would result from the not unusual case where one against whom a claim is presented says to his opponent: "Go ahead and sue me, and I will pay any sum you are able to recover." It would not be contended that suit could then be brought without service of summons or notice.

After the purported appraisement had been made and in the afternoon of the same day, plaintiff came to the office of the justice for the purpose of bringing a suit in replevin to recover possession of the sheep. The justice testified that at that time plaintiff asked what had been done about the sheep; that he then showed plaintiff

a copy of what he called the complaint, which consisted of a writing, signed by the justice, stating that a complaint had been made, that he had appointed three appraisers and that they had appraised the damages at $25; that plaintiff then said: "That's all right * * * and the damages is all right." But plaintiff asked to have a "replevin summons" issued. The justice declined to issue any writ of replevin because the value of the sheep exceeded $100. Plaintiff then promptly brought this action in the district court.

We see nothing here to indicate any intention on the part of the plaintiff to waive his right to notice. To hold that at a time when he insisted upon his right to replevy the sheep he at the same time intended to waive his cause of action and right to such remedy is not permissible. Waiver is largely a question of intent. The burden of proving it rested upon the defendant; and to justify a finding of waiver an intention to waive should be clearly shown. Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496; Ohio Confection Co. v. Eimon Mercantile Co. 154 Minn. 420, 191 N. W. 910, 31 A. L. R. 952; Fiterman v. J. N. Johnson & Co. 156 Minn. 201, 194 N. W. 399; Clark v. Dye, 158 Minn. 217, 197 N. W. 209.

Waiver need not be proved by express declaration or agreement. It is more often proved by acts and conduct and declarations not expressly waiving the right in question. But the facts shown must be such as fairly and reasonably to lead to the inference that the person against whom it is to operate did in fact intend to waive his known right. We find no such evidence here, either in that part of the testimony before noted or in any other part of the record. Plaintiff's conduct negatives rather than sustains any such intention. The record discloses that these parties were not on friendly terms, that there was ill-will and feeling between them prior and up to the present trouble. To hold that in that situation plaintiff voluntarily relinquished his right to notice is not reasonable. Neither is there evidence from which an estoppel could be found.

The court submitted the question of waiver to the jury, and the jury, as a basis for the verdict, found that notice was waived. We

are constrained to hold that there was no evidence to justify submitting the question to the jury.

Criticism is made of the sufficiency of the assignments of error and the exceptions to the charge to raise the question here. Exception was taken specifically to one paragraph of the charge in reference to waiver and "to any other portion of the charge * * * on the question of waiver." The motion for a new trial gave as one ground therefor errors of law occurring at the trial and excepted to by plaintiff. One of the assignments of error here is that the court erred in submitting the question of waiver to the jury. We find the record sufficient to present the question.

■ Defendant by his answer presented a counterclaim for damages to his crops by plaintiff's sheep, including sheep other than those sought to be distrained, and caused at times prior to the time when the 12 sheep were taken. Plaintiff did not by demurrer or answer raise the objection that this was not a proper counterclaim. Hence the objection was waived. Plaintiff presents a number of assignments of error on the reception of evidence as to this counterclaim. We find no reversible error on that issue. There was perhaps error in receiving evidence as to the value of caring for the 12 sheep attempted to be distrained while kept by defendant, but that was cured by instructing the jury not to award damages therefor.

Having this counterclaim in the case resulted in a direction by the court that the jury return two verdicts, one on the issue of whether plaintiff was entitled to recover or retain possession of the 12 sheep, and the other on the counterclaim, on the issue of what damages, if any, defendant was entitled to recover for trespasses by plaintiff's sheep on defendant's premises at times prior to the attempted distraint. On this last issue the jury found for defendant in the sum of $60.

On the record before us plaintiff is entitled to a new trial on the question of his right to possession of the sheep attempted to be distrained. He already has possession, as we understand it, by virtue of the replevin proceeding in this action. There was no

motion for a directed verdict, and we should not order judgment but remand the case to the trial court for a new trial in conformity with this opinion. Whether there should be a new trial of the counterclaim in that connection we leave to the trial court. Plaintiff should retain his sheep, and defendant be paid the actual damage to his crops.

Order reversed.