Matthias, J.
 

 The sole question presented in this case arises out of, and the answer thereto is dependent upon, the interpretation and application of the provisions of Section 6308, General Code. It is as follows:
 

 “Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions.”
 

 
 *127
 
 The purpose of the enactment of these provisions is clear and unmistakable. The purpose, as well as the effect thereof, was not to create a liability or to confer upon one injured through the negligence of the owner or operator of a motor vehicle the right to institute and maintain an action for the recovery of the damages sustained, or to specify the persons against whom such action could be instituted and maintained. This court had occasion to consider the provisions of Section 6308, General Code, in the case of
 
 Gorey
 
 v.
 
 Black,
 
 100 Ohio St., 73, 125 N. E., 126, when.that section authorized the commencement of such suit in the county of the residence of the injured person. The following statement in the opinion in that case is pertinent:
 

 “But attention to the provisions of Section 6308 discloses that it does not create or attempt to create any liability whatever. It relates solely to the venue. It provides that actions for injury to a person or property caused by the negligence of the owner of a motor vehicle may be brought by the person injured against such owner in the county wherein such injured person resides. The negligence of the owner, the action for the injury, and the rights of the person injured all remain to be determined exactly as before the section was passed.”
 

 The obvious purpose of the provisions of the statute now in effect was to authorize such actions to be tried in the county where the injury occurred in order that the issues could be determined with greater fairness, convenience and economy for all concerned. This statute, being remedial in character, should be construed and applied with liberality in order to accomplish the clear and obvious purpose of its enactment.
 
 Allen
 
 v.
 
 Smith,
 
 84 Ohio St., 283, 95 N. E., 829, Ann. Cas. 1912 C, 611;
 
 Gorey
 
 v.
 
 Black, supra; Wellston Iron Furnace Co.
 
 v.
 
 Rinehart, Admr.,
 
 108 Ohio St.,
 
 *128
 
 117, 140 N. E., 623; 37 Ohio Jurisprudence, 732, Section 411.
 

 It is contended that the venue of actions against executors, administrators, guardians and trustees is determined by Section 11277, General Code, and that its provisions as to venue of actions against administrators or executors are exclusive. This section forms a part of the general chapter of the Code relating to venue, and provides as follows:
 

 “Every other action must be brought in the county in which a defendant resides or may be summoned, except actions against an executor, administrator, guardian, or trustee, which may be brought in the county wherein he was appointed or resides, in which cases summons may issue to any county.”
 

 That the provisions of this statute are exclusive was urged upon the court in a previous case. In
 
 Osborn
 
 v.
 
 Lidy,
 
 51 Ohio St., 90, 37 N. E., 434, this court construed Section 5031, Revised Statutes, which is identical with our present Section 11277, General Code. It was argued in that case that the provision which permitted an executor, administrator, guardian or trustee to be sued in the county in which he was appointed or resided, was completely determinative of the venue of action against such fiduciary and therefore an action could not be maintained against him under the other provision of the venue chapter. This court held in the
 
 Osborn case
 
 that not only could such fiduciary be sued where he was appointed or resided but he could also be sued in a county in which he could be summoned; and that the effect of this statutory provision was to create a special and additional venue for actions in which an executor, administrator, guardian or trustee was defendant, in addition to the other venue provisions.
 

 And in the case of
 
 State, ex rel. Black et al., Exrs.,
 
 v.
 
 White, Judge,
 
 132 Ohio St., 58, 5 N. E. (2d), 163, this court again held that the provisions of Section 11277,
 
 *129
 
 General Code, that executors might be sued where appointed or where they resided, were not exclusive as to venue in actions against them, but that they might be sued in other counties, if other statutes created a venue therein. Specifically, that case allowed an action to be brought in a county other than that- in which the executor was appointed or resided to secure specific performance of a contract to convey land, and the court held that in such a case Section 11270, General Code, controlled to the exclusion of Section 11277, General Code.
 

 Section 6308, General Code, is not, however, a part of the above-mentioned chapter and was enacted subsequently to the enactment of Section 11277, General Code. It necessarily, then, should be construed as an exception to the provisions of Section 11277, General Code, in that it provides another and different venue for actions arising out of the negligence of the owner or operator of a motor vehicle.
 

 Section 6308, General Code, differs from the ordinary venue statutes found in the chapter above mentioned in that it provides that the action may be brought against the “owner or operator” in the county where the injury occurred. Ordinarily venue statutes do not designate the particular defendant. It is by reason of this difference that it is claimed this section, admittedly a venue section, limits the venae to actions against an owner or operator and
 
 ipso facto
 
 excludes actions against the owner’s or operator’s personal representative. Such would be an extremely strict construction and would completely ignore the fact that no new rights are conferred upon the injured person by this statute. His right of action is the same right of action he would have had against the owner or operator were he living. It becomes a right of action against the estate of the person who caused his damage. Section '6308, General Code, is the expression of a broad legislative policy to authorise actions aris
 
 *130
 
 ing out of injuries caused by motor vehicles to be brought where the cause of action arose. As herein-before indicated, the logic of such a statute is inescapable, since the action brought where the cause of action arose may be prosecuted with a minimum of expense, the witnesses usually being within the county, and the site of the accident being where the jury may conveniently view
 
 it;
 
 and this is so whether the suit is defended by the owner or operator or his personal representative.
 

 A liberal construction of the provisions of Section 6308, G-eneral Code, with a view to carrying out the obvious legislative intent, requires the holding that an action for injury caused by the negligent operation of a motor vehicle by its owner or operator, thereafter deceased, may be brought against the personal representative of such owner or operator in the county wherein such injury occurred, and summons may be issued and served as therein provided.
 

 The judgment of the Court of Appeals is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Zimmerman and Bettman, JJ., concur.
 

 Hart, J., dissents.