# GEORGE BLANKHOLM v. ANNA FEARING.
# BLANCHE BLANKHOLM v. SAME.[1]

May 17, 1946.

Nos. 34,262, 34,263.

*William A. Tautges* and *John R. Ware,* for relators.
*J. Frank Boyles* and *Phillips & Sherwood,* for respondent.

CHRISTIANSON, JUSTICE.

Orders to show cause why peremptory writs of mandamus should not issue directing the district court of Stearns county and the

[1]Reported in 22 N. W. (2d) 853.

judge thereof to change the venue of these cases from Stearns county to Hennepin county.

. Both of these actions, commenced on January 17, 1946, in Hennepin county by plaintiffs, who are husband and wife, are for damages allegedly suffered by them in an automobile collision occurring in Hennepin county on May 13, 1945. The collision took place between an automobile owned and operated by plaintiff George Blankholm, in which Blanche Blankholm was a passenger, and one owned and operated by defendant's decedent, Benjamin W. Fearing, who died before the commencement of these actions a resident of Stearns county. On July 12, 1945, defendant was appointed special administratrix of the estate of Benjamin W. Fearing by the probate court of Stearns county. Plaintiffs' causes of action, being based upon bodily injuries, survived against decedent's personal representative. Both defendant and decedent were residents of Stearns county at the time of the accident. Defendant, at the time of her appointment as special administratrix and at the time of the commencement of these actions, was and still is a resident of Stearns county.

On February 5, 1946, defendant served on plaintiffs' counsel formal demands for change of venue of both actions to Stearns county, the basis of her demands being that she was a resident of that county. Her demands for change of venue and the supporting affidavits therein were filed with the clerk of the district court of Hennepin county on the same day they were served on plaintiffs' counsel, and on the same day defendant served answers in the actions entitled "District Court, County of Stearns." On the basis of such affidavits and demands for change of venue, the files and records in the actions were transferred to the clerk of the district court of Stearns county. On February 20, 1946, each plaintiff served a reply to said answers, the same being entitled "District Court, County of Stearns." The title of the reply in each case, however, also contained the following recital: "(Venue improperly changed from District Court of Hennepin County, Minnesota)." On the same day that plaintiffs served such replies on defendant's

counsel, plaintiffs also served on him a motion to remand the cases to the district court of Hennepin county for trial on the grounds (1) that the venue of said actions had been improperly and in violation of law changed from Hennepin county to the county of Stearns and that the nullity of said attempted change appeared on the face of the record; (2) that the convenience of witnesses and the ends of justice would be promoted by such requested change. After hearing on said motions, the district court of Stearns county, on March 12, 1946, made orders denying the motions to remand the cases to Hennepin county for trial. As a result of such denial, plaintiffs have brought said matters here for review on orders to show cause why peremptory writs should not issue requiring the district court of Stearns county and the judge thereof to grant plaintiffs' motions to change the venue of said actions to Hennepin county for trial. On stipulation of the parties, the cases have been consolidated here for hearing.

The decision of these matters involves a construction of L. 1939, c. 148, § 1, Minn. St. 1941, § 542.095 (Mason St. 1940 Supp. § 9213-1), which reads:

"An action against the owner, driver, or operator of any motor vehicle arising out of and by reason of the negligent driving, operation, management, and control of such motor vehicle may be brought in the county where the action arose or in the county of the residence of the defendant or a majority of the defendants against whom the action is brought and when so brought the venue of the action shall not be changed without the written consent of the plaintiff filed with the court or unless changed by order of the court pursuant to section 542.11 [Mason St. 1927, § 9216]."

It is the contention of plaintiffs that changing the venue of these actions from Hennepin to Stearns county was improper, unlawful, and a nullity, as they are both within the purview of the foregoing statute, which, among other things, provides that actions arising out of the negligent driving, operation, management, and control of motor vehicles may be brought in the county where the action

arose, and that such actions thus begun cannot be changed from the county where commenced without the written consent of the plaintiffs, which consent, it appears, was not obtained here. Defendant, on the other hand, contends that, inasmuch as the venue statute does not by its terms specifically, provide for the bringing of actions against the representative of a deceased owner, driver, or operator of a motor vehicle in the county where the action arose, such statute does not apply to these actions, asserting in her brief that "it is only when the action is brought against the *owner, driver* or *operator* that the prohibition against change is directed."

We cannot agree with the view of defendant. Both reason and authority amply sustain a contrary view.

 The statute in question is a remedial statute. As such, it is to be liberally construed. 6 Dunnell, Dig. & Supp. § 8986, and cases cited.

"It is a general rule of law that statutes which are remedial in nature are entitled to a liberal construction, in favor of the remedy provided by law, or in favor of those entitled to the benefits of the statute." 50 Am. Jur., Statutes, § 392.

In Spicer v. Stebbins, 184 Minn. 77, 80, 237 N. W. 844, 845, this court said:

"When the legislature amends a practice act the presumption should be and is that it intends to aid the administration of justice, to better the practice, or to remedy some defect discovered in the operation of the existing law."

To give the statute here under consideration the narrow construction urged by defendant would be in clear conflict with the legislative purpose to improve the practice in this kind of litigation so as to aid the administration of justice. There is no good reason why the benefits of the statute should be withheld because the alleged tortfeasor has died. Had he lived, he could not, merely on account of his residence in Stearns county, have secured a change of venue from Hennepin to Stearns county in these cases. There is no reason why the representative of a deceased tortfeasor's estate

should be able to do what the tortfeasor could not have done had he lived. The actions here are against defendant in her representative capacity only.

"As in the case of all statutes, the primary rule of construction of remedial statutes is to ascertain, declare, and give effect to the intention of the legislature, as gathered from the language used. * * * A remedial statute should be construed so as to afford all the relief within the power of the court which the language of the act indicates that the legislature intended to grant. In this respect, it has been declared that the remedy should be extended as far as the words of the statute permit, and it is not unusual to extend the enacting words of a remedial statute beyond their literal import and effect in order to include cases within the same mischief, or within the reason of the statute. Indeed, it is an old and unshaken rule in the construction of statutes that the intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression should be deemed general." 50 Am. Jur., Statutes, § 393.

There seem to have been no cases in this jurisdiction involving the precise question now before us. Attention, however, is called to the Ohio case of Snavely v. Wilkinson, 138 Ohio St. 125, 33 N. E. (2d) 999. The reasons given therein for construing a statute similar to ours so as to permit the institution of an action against the representative of a deceased automobile operator in the county where the collision occurred are applicable here. The statute there involved was General Code of Ohio, § 6308, which reads in part as follows:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs."

It is to be noted that the Ohio law, like the Minnesota act, makes no specific provision for bringing action against a tortfeasor's

representative in the county where the action arose. In the case cited, an action had been instituted in Allen county, Ohio, based upon injuries resulting from an automobile accident which had occurred in Allen county. The defendant, who was the executor of the estate of the alleged tortfeasor, however, was a resident of Shelby county, Ohio, and had been appointed as such executor by the probate court of that county. The defendant contended that the provisions of § 6308 of the Code limited the service of summons therein authorized to the owner or operator of the automobile and that service upon defendant as executor was void, since she was a resident of Shelby county and the venue of the action had been placed in Allen county. The court, in disposing of the contention of defendant, said in the course of its opinion (138 Ohio St. 129, 130, 33 N. E. [2d] 1001):

"Section 6308, General Code, differs from the ordinary venue statutes found in the chapter above mentioned in that it provides that the action may be brought against the 'owner or operator' in the county where the injury occurred. Ordinarily venue statutes do not designate the particular defendant. It is by reason of this difference that it is claimed this section, admittedly a venue section, limits the venue to actions against an owner or operator and *ipso facto* excludes actions against the owner's or operator's personal representative. Such would be an extremely strict construction and would completely ignore the fact that no new rights are conferred upon the injured person by this statute. His right of action is the same right of action he would have had against the owner or operator were he living. It becomes a right of action against the estate of the person who caused his damage. Section 6308, General Code, is the expression of a broad legislative policy to authorize actions arising out of injuries caused by motor vehicles to be brought where the cause of action arose. As hereinbefore indicated, the logic of such a statute is inescapable, since the action brought where the cause of action arose may be prosecuted with a minimum of expense, the witnesses usually being within the county,

and the site of the accident being where the jury may conveniently view it; and this is so whether the suit is defended by the owner or operator or his personal representative."

With a view to carrying out the obvious legislative intent, we give to the provisions of our venue statute (§ 542.095 [§ 9213-1]) a liberal construction and hold that its provisions also apply to the representative of the estate of an owner, operator, or driver of a motor vehicle in actions such as those here involved.

■ The argument made by defendant in her brief that plaintiffs have waived their rights under the venue statute and are estopped from demanding that the actions be remanded to Hennepin county for trial is, in our opinion, without merit. As shown by the record, ever since the actions were illegally transferred to Stearns county plaintiffs have consistently striven to have them remanded to Hennepin county. Their attitude and actions in this matter, as shown by the record, completely negative any suggestion of intent on their part to waive their rights under the statute. As stated by Mr. Justice Olsen in Pruka v. Maroushek, 182 Minn. 421, 424, 234 N. W. 641, 642:

"* * * Waiver is largely a question of intent. The burden of proving it rested upon the defendant; and to justify a finding of waiver an intention to waive should be clearly shown. Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496; Ohio Confection Co. v. Eimon Mercantile Co. 154 Minn. 420, 191 N. W. 910, 31 A. L. R. 952; Fiterman v. J. N. Johnson & Co. 156 Minn. 201, 194 N. W. 399; Clark v. Dye, 158 Minn. 217, 197 N. W. 209.

"Waiver need not be proved by express declaration or agreement. It is more often proved by acts and conduct and declarations not expressly waiving the right in question. But the facts shown must be such as fairly and reasonably to lead to the inference that the person against whom it is to operate did in fact intend to waive his known right. * * * Plaintiff's conduct negatives rather than sustains any such intention."

Proper grounds upon which to base an estoppel are also lacking. Let a peremptory writ issue in each case as prayed.