## ALTON ALBRECHT v. ALFRED SELL.

110 N. W. (2d) 895.

August 25, 1961—No. 38,414.

*Gislason, Reim, Alsop & Dosland,* for relator.

*L. J. Lauerman, Robert G. Johnson,* and *Rosenbloom & Rosenbloom,* for respondent.

OTIS, JUSTICE.

This matter comes before the court pursuant to a writ of mandamus initiated by defendant, Alfred Sell, to review an order of the District Court of Brown County granting the plaintiff's motion to remand the case to Renville County.

On April 11, 1960, plaintiff, Alton Albrecht, commenced this action in the District Court of Renville County alleging, among other things, that defendant perpetrated a fraud which induced plaintiff to purchase real estate in Renville County. It is undisputed that all of the negotiations for the sale occurred in that county. On April 25, 1960, the defendant demanded a change of venue to Brown County, alleging that was his residence. At the same time he served an answer in which the venue was laid in Brown County. On May 3, 1960, in response to the demand, the clerk of court of Renville County took the necessary steps to remove the case to Brown County. Within 10 days, on May 13, 1960, plaintiff served his note of issue on the defendant, adopting the Brown County venue, and thereafter, on May 16, filed his note of issue with the clerk of District Court of Brown County. There the matter remained until November 28, 1960, when at the calendar call at the Brown County general term of court the plaintiff moved to remand the cause to Renville County on the ground that a part of the cause of action arose in that county. The motion was granted on February 20, 1961, following which this court issued its alternative writ of mandamus requiring the district court to show cause why it should not vacate its order.

The parties are in substantial agreement that the only issue for decision is whether or not plaintiff has waived his right to remand the action to Renville County by serving and filing his note of issue in Brown County. In addition, plaintiff's counsel inserted into the record on November 28, 1960, a statement that he was unaware of plaintiff's rights under a 1955 amendment to the venue statute until shortly before that hearing. In its return and in the memorandum supporting its order remanding, the trial court indicates that the venue was laid in Brown County by inadvertence and without either counsel being aware of the 1955 amendment. The court noted that plaintiff moved for a remand promptly after learning the effect of the amendment and

that no prejudice occurred to defendant thereby since the parties agreed the case would not be reached in either county until the spring term.

Until April 20, 1955, a defendant had a right to have an action of this kind removed to the county of his residence under Minn. St. 542.09. However, L. 1955, c. 614, gave plaintiff the alternative of commencing the action "in a county in which one or more of the defendants reside when the action is begun or in which the *cause of action or some part thereof arose.*" (Italics supplied.) It is clear that initially plaintiff had a right under the 1955 amendment to commence this suit in Renville County. We hold, however, that having acquiesced in the change of venue during the period from May 3, 1960, to November 28, 1960, and having filed and served his note of issue in Brown County, plaintiff has waived his right to remand the matter to Renville County under Minnesota law.

We have held in a number of cases that venue may be the subject of waiver. In Delasca v. Grimes, 144 Minn. 67, 69, 174 N. W. 523, 524, we stated:

"* * * This court has repeatedly held that, when the venue does not go to the jurisdiction of the court over the subject matter, a party may waive his right to a trial in a particular county and that the waiver may be implied."

However, we deem decisive of the issues in this matter our ruling in City of International Falls v. American Traction Co. 157 Minn. 207, 195 N. W. 891, where we held that by voluntarily participating in proceedings in a given county, particularly in serving and filing the notice of trial in that county, a party is thereafter foreclosed from questioning the propriety of such venue. Plaintiff urges that the International Falls case has been modified by our later decisions, more specifically by Blankholm v. Fearing, 222 Minn. 51, 22 N. W. (2d) 853. The sequence of events in the Blankholm case, however, differs materially from those in both the International Falls case and in the instant case. In the Blankholm case the defendant secured an improper change of venue on February 5, 1946, and on February 20, 1946, plaintiffs indicated their refusal to acquiesce by noting on the reply,

which was then served, that the venue had been improperly changed, and on the same date plaintiffs served a motion to remand. We held that there was no waiver by plaintiffs since they had "consistently striven" to have the actions remanded to the proper county. We noted that the attitude and actions of the plaintiffs (222 Minn. 57, 22 N. W. [2d] 856) "completely negative any suggestion of intent on their part to waive their rights under the statute." In the instant case, for nearly 7 months plaintiff took no steps whatsoever to remand the action, while by way of contrast in the Blankholm case a remand was demanded within 15 days.

Although plaintiff acknowledges that there may be a waiver of the right to a change of venue under proper circumstances, he earnestly contends that an essential element was here absent, namely, knowledge of the facts on which his rights were based. We have discussed the elements of waiver in a number of recent cases.[1] They are well summarized in Meagher v. Kavli, 251 Minn. 477, 486, 88 N. W. (2d) 871, 878, where we said:

"* * * The commonly accepted definition of waiver is that it constitutes a voluntary relinquishment of a known right whose essential elements are both intent and knowledge, actual or constructive. It needs no consideration to support it. If the known right is waived, it cannot be reclaimed without consent of the adversary and once established it is irrevocable even in the absence of any consideration therefor. Since the question of waiver is largely one of intention, it need not be proved by express declaration or agreement, but may be inferred from the acts and conduct of the parties against whom the defense is being asserted."

However, we are not concerned with whether the parties had actual knowledge of the 1955 amendment to § 542.09 since under well-

---

[1]Engstrom v. Farmers & Bankers Life Ins. Co. 230 Minn. 308, 311, 41 N. W. (2d) 422, 424; Anderson v. Twin City Rapid Transit Co. 250 Minn. 167, 181, 84 N. W. (2d) 593, 603; Carlson v. Doran, 252 Minn. 449, 456, 90 N. W. (2d) 323, 328; Alsleben v. Oliver Corp. 254 Minn. 197, 203, 94 N. W. (2d) 354, 358; Colvin Lbr. & Coal Co. v. J. A. G. Corp. 260 Minn. 46, 50, 109 N. W. (2d) 425, 429.

established principles of law they are conclusively presumed to be aware of existing statutes and of the fact that revisions in them occur from time to time. We have so held in In re Trust under Will of Davidson, 223 Minn. 268, 273, 26 N. W. (2d) 223, 226, 170 A. L. R. 215, 220, where we noted:

"* * * We have also the presumption, especially where a will is drawn by an experienced scrivener, that a testator not only knows the law of his state as it stood when the will was drawn, but also that he knew that the legislature could change or repeal the law."

This presumption is peculiarly appropriate where the waiver is based on the action or inaction of attorneys. Grover v. Superior Court, 161 Cal. App. (2d) 644, 327 P. (2d) 212.

In determining whether a party has relinquished a known right, his knowledge may be found to be either actual or constructive. Thus we hold that plaintiff had constructive notice of his rights and, by serving and filing his note of issue in Brown County without taking steps to remand the action for nearly 7 months, plaintiff has as a matter of law acquiesced in that venue and has waived his right to remand the action to Renville County. To hold otherwise would place a premium on ignorance of the law, encourage unnecessary delay and expense by condoning dilatory motions, and require us to repudiate the salutary rule we announced in the International Falls case.

Let the peremptory writ of mandamus issue as prayed for.