**Donald ROSNOW, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C5-89-247.

Court of Appeals of Minnesota.

Aug. 22, 1989.

Review Denied Oct. 13, 1989.

Steven J. Meshbesher, Meshbesher, Singer & Spence, Ltd., Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by NORTON, P.J., and RANDALL, and MULALLY,* JJ., without oral argument.

### OPINION

EDWARD D. MULALLY, Judge.

Respondent's driver's license was revoked for a violation of the implied consent

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

law. He petitioned for judicial review in Hennepin County. The trial court rescinded the revocation on the grounds that the action was properly venued in Anoka County and that the notice of revocation was in error. We reverse.

## FACTS

On November 24, 1988, at approximately 2:04 a.m., State Trooper Mark Peterson was dispatched to a personal injury accident on "eastbound 694 at East River Road," in the City of Fridley, County of Anoka. He arrived at 2:12 a.m. and found two vehicles which had been involved in the accident. Respondent was one of the drivers. The trooper observed signs of intoxication and arrested respondent for DWI. He was then taken to the Brooklyn Center Police Department, where Peterson read him the implied consent advisory. Respondent agreed to take an Intoxilyzer breath test. The test gave a reported alcohol concentration of .11.

The trooper gave respondent a notice of revocation which indicated "Henn" in the blank space next to "Court." Respondent petitioned for judicial review in Hennepin County. When respondent cross-examined the trooper at the implied consent hearing, it became apparent that the accident occurred on the Anoka County side of the county line, although the trooper was not certain of it at the time of the arrest.

Respondent argued that he was given improper notification because the notice of revocation stated the proper court was Hennepin, and that was not proper jurisdiction. He contended that the revocation should be rescinded as a result. The Commissioner contended that the petition for judicial review did not raise the issue, and that in any event the proper remedy would not be rescission, but a new trial.

The trial court concluded that no stop occurred, the trooper had probable cause to believe respondent had been driving while under the influence, the arrest was lawful, respondent was properly advised of his rights, the test results indicated an alcohol concentration of .10 or more, the testing method was valid and reliable, the test results were accurately evaluated, and the trooper properly transported respondent to Hennepin County for testing. It also concluded that the action was properly venued in Anoka County, not Hennepin County, and the notice of revocation was in error. It held that respondent's only remedy was rescission of the revocation. The Commissioner of Public Safety appeals.

## ISSUE

Did the trial court properly rescind the revocation for improper venue?

## ANALYSIS

The trial court rescinded the revocation because it concluded the action was properly venued in Anoka County, the notice of revocation was in error, and respondent's only remedy was rescission of the revocation.

Venue is governed by statute. *Claseman v. Feeney*, 211 Minn. 266, 268, 300 N.W. 818, 819 (1941). The implied consent law provides that the petition for judicial review shall be filed in the county where the alleged offense occurred, Minn.Stat. § 169.123, subd. 5c (1988), and the hearing shall be in any county in the judicial district where the alleged offense occurred. Minn. Stat. § 169.123, subd. 6 (1988).

Venue in civil actions is not jurisdictional. *Claseman*, 211 Minn. at 268, 300 N.W. at 819. The implied consent law, Minn.Stat. § 169.123, which gives the Commissioner of Public Safety statewide authority to revoke driver's licenses for violation of the implied consent law, contains no language which makes venue jurisdictional.

The remedy for improper venue is a change of venue. Minn.Stat. § 542.10 (1988). The objection may be waived. *Id.; Albrecht v. Sell*, 260 Minn. 566, 568, 110 N.W.2d 895, 896 (1961). Waiver may occur if a party seeks affirmative relief or acquiesces in the improper venue. Minn.Stat. § 542.10; *Albrecht*, 260 Minn. at 570, 110 N.W.2d at 899; *In re Guardianship of Kowalke*, 232 Minn. 292, 306–07, 46 N.W.2d 275, 284 (1950).

Even if respondent was entitled to rely upon the trooper's incorrect designation of the county in filing his petition, respondent's remedy was a change of venue. If the hearing in Anoka County would have occurred more than 60 days after the filing of the petition, the trial court could have stayed the balance of the revocation. Minn.Stat. § 169.123, subd. 5c. The trial court, which determined the issues on the merits in favor of the Commissioner, improperly rescinded the revocation.

## DECISION

The order of the trial court rescinding the revocation is reversed.

Reversed.

RANDALL, Judge, dissenting.

I respectfully dissent. It is undisputed that the accident, the facts, and the trooper's observations happened in Anoka County. The trooper gave respondent a notice of revocation which indicated that the court of jurisdiction was Hennepin County. Respondent, pursuant to the requirement that a driver wishing to contest a revocation must file a notice of judicial review, filed it in Hennepin County. No onus can be placed on a driver, as appellant's brief suggests, to do independent investigation and attempt to verify the proper county before filing the required judicial notice of review.

Although implied consent is civil, not criminal, the burden still remains on the state to show all facts necessary for a proper revocation by a preponderance of the evidence. The Commissioner attempts to turn that burden on its head and argues that Minn.Stat. § 169.123, subd. 5c (1988) imposed on the driver the duty to file his petition for judicial review in the appropriate county, and since the driver, respondent here, filed his notice of review in Hennepin County where the state trooper had noted the matter for hearing, respondent is now somehow "precluded" from claiming that the matter was being heard in the wrong county. I simply reject the Commissioner's argument. There is absolutely no showing in the record that respondent affirmatively shared in the state trooper's mistake as to where the incident occurred.

The majority concedes that implied consent petitions for judicial review shall be filed in the county where the alleged offense occurred, and the hearing shall be in any county in the judicial district where the alleged offense occurred. *See* Minn.Stat. § 169.123, subd. 5(c) and subd. 6. But, the majority then goes on to state:

> The implied consent law, Minn.Stat. § 169.123, which gives the Commissioner of Public Safety statewide authority to revoke driver's licenses for violation of the implied consent law, contains no language which makes venue jurisdictional.

I do not agree with the majority's reasoning. It is true that Minn.Stat. § 169.123 does not contain the specific language which the majority states is not there, *but, it is also true* that the controlling statute *does not* give the Commissioner the power to set the matter for a hearing in any county in the State of Minnesota. The majority's reasoning is close to an implied grant of power for the Commissioner to so do.

From a common sense standpoint, respondent is not the party that chose Hennepin County for the hearing even though that is where he filed his petition for review. The initiating actor in an implied consent hearing is the law enforcement officer who hands the driver a notice of revocation with the county wherein it is to be heard marked thereon. At trial the trooper conceded that the incident occurred in Anoka County, but that his notice of revocation to respondent said Hennepin.

The law is clear that a petition for judicial review must be filed in the county where the alleged offense occurred, and the hearing must be in any county in the judicial district where the alleged offense occurred. I cannot find any authority which permits the Commissioner to conduct a hearing in an improper county. The situs of the accident was Anoka County, and Anoka (10th) is not in the same judicial district as Hennepin County (4th). I find no waiver in the record of respondent's

right to have his hearing in the proper county.

The trial court stated at the hearing that, although he agreed the trooper could arrest in Anoka and take the driver to Hennepin County for testing, that did not answer the question "of whether he could then note the matter for court in Hennepin County." The trial court then went on to say:

And I'm unaware, frankly, of any case law directly to that point, at least in this area of the law. And I don't think that jurisdiction is technical, I think it's crucial.

After taking the matter under advisement, the trial court rescinded the revocation. I cannot find that the trial court was clearly erroneous in its decision, nor can I find any authority for the majority's proposition that the burden of proof shifted to respondent driver to ascertain, on his own, what the proper county and judicial district were, and to make a motion for a change of venue to that county and judicial district.

I would affirm the trial court's rescission of revocation.