**S.M. HENTGES & SONS, INC., Appellant,**

v.

**Richard MENSING, et al., Respondents,**

**Land Geeks, L.L.C., et al., Defendants,**

**Short Elliott Hendrickson, Inc., Respondent,**

**City of Cannon Falls, Respondent.**

**Nos. A08–418, A08–569.**

Supreme Court of Minnesota.

Jan. 21, 2010.

Phillip R. Krass, Molly R. Hamilton, Krass Monroe, P.A., Minneapolis, MN, for appellant.

Michael P. Coaty, Stephen F. Buterin, Brian W. Varland, Coleman, Hull & Van Vliet, P.L.L.P., Minneapolis, MN, for respondent Short Elliott Hendrickson, Inc.

## OPINION

MEYER, Justice.

The issue in this case is whether the exception to the pre-lien written notice requirement under Minn.Stat. § 514.011, subd. 4b (2008), to owners of property consisting of more than four family units, includes single-family lots within a residential development. We hold that the exception applies only to multi-unit buildings

such as apartments, condominiums, and townhouses, and not single-family lots within a residential development.

Richard and Martha Mensing (the Mensings) entered into a purchase agreement to sell land in the City of Cannon Falls to Land Geeks, LLC (Land Geeks), a development company owned by Michael Vincent. The purchase agreement called for a purchase price of $750,000 and was contingent upon Land Geeks obtaining preliminary plat approval for a residential development to be known as "Woodbridge Bluffs." Land Geeks obtained preliminary plat approval but did not close on the property as required under the purchase agreement. Rather, the purchase agreement was amended twice with respect to the method of payment from Land Geeks to the Mensings.

Meanwhile, Land Geeks hired Short Elliott Hendrickson, Inc. (SEH), to perform surveying and engineering services and S.M. Hentges & Sons, Inc. (Hentges), for utilities and earthwork. Hentges gave the Mensings pre-lien notice; SEH did not. SEH performed surveying and engineering work in the spring of 2003. In the fall of 2003 Hentges did earth moving work and put in sewer, water, and other utilities. SEH's work totaled $289,667, while Hentges' work was valued at $1,082,522. Although several lots in the project were then sold, the remaining lots did not sell as anticipated. Land Geeks defaulted on its obligations and ultimately the Mensings canceled the purchase agreement. SEH and Hentges received payment of a small fraction of the amount they were owed.

Hentges commenced a mechanic's lien foreclosure action in district court and SEH counterclaimed for its lien. At the close of trial, the district court ordered judgment in favor of Hentges against the Mensings' property, excluding their homestead, in the amount of $852,278.43, plus attorney fees, costs, and disbursements. The court dismissed SEH's lien for failure to give pre-lien notice. The court concluded that SEH was not exempt from filing pre-lien notice under Minn.Stat. § 514.011, subd. 4b, for improvements made to single-family lots. The court determined that the pre-lien notice exception for "an improvement to real property consisting of or providing more than four family units when the improvement is wholly residential in character" contemplated a multi-unit building and not single-family lots. On consolidated appeals of SEH and the Mensings, the court of appeals reversed the dismissal of SEH's lien, concluding that the phrase "family units" included "single-family lots." *S.M. Hentges & Sons, Inc. v. Mensing*, 759 N.W.2d 229, 235 (Minn.App.2009). As to this issue, we reverse.

■■■■ A mechanic's lien is a statutory remedy intended to protect those who furnish materials or services in the improvement of real property. *E.g., Guillaume & Assocs. v. Don–John Co.*, 336 N.W.2d 262, 263 (Minn.1983). Mechanics' liens provide the claimants a non-consensual lien or security interest in the improved property. Minn.Stat. § 514.01 (2008). "Mechanic's lien laws are strictly construed as to the question whether a lien attaches, but are construed liberally after the lien has been created." *Dolder v. Griffin*, 323 N.W.2d 773, 780 (Minn.1982) (citation omitted) (internal quotation marks omitted).

Minnesota's pre-lien notice statute requires that every person who enters into a contract with the owner for the improvement of real property and who has contracted or will contract with any subcontractors or material suppliers give the owner written notice. Minn.Stat. § 514.011, subd. 1 (2008). The notice generally warns the owner of potential liens. *Id.* All persons other than those who had a

direct contract with the owner also are required to give notice to the owner. Minn.Stat. § 514.011, subd. 2(a) (2008).

■■■ Minnesota Statutes § 514.011, subd. 4a-c, provides three exceptions to pre-lien notice. The exception at issue in this case provides:

> **Exceptions; multiple dwelling.** The notice required by this section shall not be required to be given in connection with an improvement to real property consisting of or providing more than four family units when the improvement is wholly residential in character.

Minn.Stat. § 514.011, subd. 4b. When interpreting this exception, as with any statute, our goal is to ascertain and effectuate legislative intent. *See* Minn.Stat. § 645.16 (2008). If a statute's words are clear and unambiguous as applied to an existing situation, we construe the words according to their common and approved usage. Minn. Stat. §§ 645.16, 645.08(1) (2008). A statute is ambiguous if it is reasonably susceptible to more than one interpretation. *All Parks Alliance for Change v. Uniprop Mfr'd Hous. Cmts. Income Fund,* 732 N.W.2d 189, 193 (Minn.2007). Statutory interpretation is a question of law that we review de novo. *City of W. St. Paul v. Krengel,* 768 N.W.2d 352, 356 (Minn.2009).

■■■ Hentges argues that the plain meaning of "an improvement to real property consisting of or providing more than four family units" contemplates multi-unit buildings, such as apartment complexes, condominiums, and townhouses.[1] SEH also urges a plain meaning analysis, but suggests that "family units" should be read more broadly to include single-family lots within a residential development. More specifically, SEH asserts that single-family *lots* are single-family *units* because they are constituent parts of the whole residential development.

■■■ We agree with both parties that we should construe the phrase "an improvement to real property consisting of or providing more than four family units" according to the common and approved usage of the words of the phrase. A "unit" is defined as "a single thing . . . that is a constituent of a whole." *Merriam–Webster's Collegiate Dictionary* 1361 (11th ed. 2003). The word "unit" in the context of an improvement to real property commonly refers to an individual residential unit that is a part of multi-unit dwellings, such as apartments, condominiums, and townhouses. While a single-family lot or home is a constituent part of the whole residential community, the lot or home is not commonly referred to as a "family unit" within the development. The common usage of "unit" fits most comfortably with Hentges' proposed definition. Thus, we hold that the plain language of Minn.Stat. § 514.011, subd. 4b, creates an exception to the pre-lien notice requirement that applies only to multi-unit buildings, such as apartment buildings, condominiums, and townhouses,

---

1. Hentges also argues that the headnote "**Exceptions; multiple dwelling**" supports that the exception includes only multi-unit buildings. But Minn.Stat. § 645.49 (2008) states that "headnotes printed in boldface type before sections and subdivisions in editions of Minnesota Statutes are mere catchwords to indicate the contents of the section or subdivision and are not part of the statute." A headnote is only relevant, then, if present in the original legislative process. *Minnesota Exp. Inc. v. Travelers Ins. Co.,* 333 N.W.2d 871, 873 (Minn.1983). Here, the headnote was added years after the exception's enactment, was not part of the original legislative process and, therefore, is not relevant to our analysis. *See* Act of May 18, 1981, ch. 213, § 1, 1981 Minn. Laws 783, 783–84; Act of March 28, 1978, ch. 703, § 3, 1978 Minn. Laws, 616, 617–18; Act of May 15, 1973, ch. 247, § 2, 1973 Minn. Laws 482, 483–85 (all now codified at Minn.Stat. § 514.011 (2008)).

and not single-family lots within a residential development.

■ SEH urges us to adopt the analysis of the court of appeals by looking beyond the plain meaning of the statute to consider the legislative purpose. Because we base our holding on the plain meaning of the statute, we do not consider other factors such as the occasion and necessity for the law, the circumstances of enactment, the object to be attained, and the mischief to be remedied. Minn.Stat. § 645.16(1)-(4) (2008). Were we to go beyond the plain meaning of the statute, our holding would be the same. Our review of the legislative history and the mischief the statutory language intended to remedy reveals that the pre-lien notice statute was remedial. Then Attorney General Warren Spannaus proposed the requirement in 1973. Warren Spannaus, *Mechanic's Lien Law Reform,* 41 Hennepin Lawyer 10 (1973). Outlining his proposal in *Hennepin Lawyer,* Spannaus stated:

> Under the Minnesota lien provisions, a homeowner sometimes finds that he must compensate persons who are entirely unknown to him for their contribution to the improvement of his property—this despite his having already paid his contractor in full for the improvement. My proposal to reform the Minnesota Mechanics Lien law hopefully will correct this inequity.

Spannaus crafted the pre-lien notice requirement to protect homeowners from liability to unknown lien claimants for property improvements. We have repeatedly acknowledged that alerting homeowners to such liability is the remedial purpose of Minn.Stat. § 514.011. *See, e.g., Dolder v. Griffin,* 323 N.W.2d 773, 776 (Minn.1982); *Nasseff v. Schoenecker,* 312 Minn. 485, 490,

253 N.W.2d 374 (1977); *Polivka Logan Designers, Inc. v. Ende,* 312 Minn. 171, 174–76, 251 N.W.2d 851, 852–54 (1977).

■ Remedial statutes are generally entitled to liberal construction in favor of the remedy the statutes provide or the class they benefit. *Blankholm v. Fearing,* 222 Minn. 51, 54, 22 N.W.2d 853, 855 (1946). Therefore, we construe the pre-lien notice requirement liberally to uphold notice protections for property owners. *See id.* Correspondingly, we construe exceptions narrowly to limit instances in which notice is not required. Such construction gives fullest effect to the remedy and benefits intended by Minn.Stat. § 514.011. Consequently, application of the rules of statutory construction urged by SEH would lead us to adopt the more narrow interpretation—that "family units" encompasses only multi-unit buildings, not single-family lots.

■ Separately, SEH argues it was not required to provide pre-lien notice because it performed engineering and surveying work. The firm contends that parties providing engineering and surveying are exempt from providing pre-lien notice under a joint reading of Minn.Stat. § 514.01 and Minn.Stat. § 514.011, subd. 2 (2008). The court of appeals did not reach this issue because the court's holding regarding subdivision 4b was dispositive. Given our reversal of the court's interpretation of subdivision 4b, however, there is now occasion to reach this issue. We therefore remand the issue to the court of appeals for further consideration.[2]

We hold that the exception created under subdivision 4b applies only to multi-unit buildings and thus does not apply here. We reverse the decision of the court

---

2. Hentges argues that this issue is not properly before the court because SEH raised the issue for the first time in its brief to the court of appeals. We also leave determinations regarding waiver to the court of appeals on remand.

of appeals with regard to its interpretation of Minn.Stat. § 514.011, subd. 4b, and remand on the remaining issue of whether the pre-lien notice requirement applies to parties performing engineering and surveying work.

Reversed and remanded in part.

DIETZEN, J., took no part in the consideration or decision of this case.