## CITY OF INTERNATIONAL FALLS v. AMERICAN TRACTION COMPANY AND OTHERS.[1]

November 23, 1923.

No. 23,896.

**When improper change of venue may be waived by plaintiff.**

If venue of an action is changed improperly, plaintiff waives right to have it remanded by noticing case for trial in county to which it was removed.

[1]Reported in 195 N. W. 891.

The city of International Falls obtained from the supreme court an order directing the district court for Hennepin county, Hon. W. C. Leary, J. and another, to show cause why a peremptory writ of mandamus should not issue directing the officers above named to transfer the files and papers in the case of City of International Falls v. American Traction Company and others, from the district court for Hennepin county to the district court for Koochiching county. Order to show cause discharged.

*F. J. McPartlin*, for plaintiff.

*M. C. Bowler*, for defendants.

PER CURIAM.

Original proceeding in mandamus to compel the remanding of an action wherein relator, a municipal corporation, was plaintiff and certain residents of Hennepin county were defendants. The case was commenced in Koochiching county. Within the time and in the manner provided by statute, defendants had the venue changed to Hennepin county. Certain proceedings were had there, plaintiff, the relator here, participating. The principal step was taken by relator itself in that it noticed the case for trial in Hennepin county.

Thereafter it moved to have the case remanded to Koochiching county. That motion was denied and now the relator seeks an order from this court requiring the district court of Hennepin county to remand.

It is argued for relator that an action in which a municipality is a party is local to the county wherein it is situated; that it makes no difference whether the municipal corporation is plaintiff or defendant, and that in all such cases there should be applied the rule of State ex rel. Johnson v. District Court, 120 Minn. 458, 139 N. W. 947, Ann. Cas. 1914C, 106.

That is a point not before us for decision because, even if the relator's position in that respect is well taken, it has waived its right to have the case remanded. 40 Cyc. 181, Dunnell, Minn. Practice, § 292. Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523; Wade v. National Bank of Commerce of Mankato, 144 Minn. 187, 174 N. W. 889. After relator's voluntary participation in the Hennepin county

proceedings, particularly its service of the notice of trial, it was too late for it to assert that the case was not properly there.

Order to show cause discharged.