KENNETH K. SOLUM, TRUSTEE FOR HEIRS OF MABEL ELIZABETH KRAUSE, v. FARMERS & MERCHANTS NATIONAL BANK IN BENTON HARBOR, MICHIGAN, ADMINISTRATOR OF ESTATE OF ALDEN F. KRAUSE, AND OTHERS.

131 N. W. (2d) 231.

November 6, 1964—No. 39,590.

*Karlins, Grossman, Karlins & Siegel* and *Sheldon D. Karlins,* for relator.

*Taylor, Brown, Meany & O'Brien* and *Thomas F. Meany,* for respondents.

OTIS, JUSTICE.

The Farmers & Merchants National Bank petitions for a writ of prohibition enjoining the District Court of Morrison County from proceeding further in this action and seeks a dismissal.[1] Relator is a national bank located in Benton Harbor, Michigan, and is duly chartered under the Federal law. The narrow issue before us is whether or not the provisions of 12 USCA, § 94, governing the venue of actions against national banks, have been waived.

On December 19, 1962, Alden F. Krause was driving an automobile in which his wife, Mabel Elizabeth Krause, was a passenger when they were killed in a collision in Morrison County. Relator bank became the administrator of the estate of Alden F. Krause. Decedent had been a resident of Michigan. On November 19, 1963, a wrongful death action was commenced by the trustee of Mabel Krause's estate in the District Court óf Morrison County. Service on the bank was had by filing with the commissioner of highways a copy of the summons and complaint under Minn. St. 170.55.[2] On December

---

[1]Since the issue is one of venue and not of jurisdiction, mandamus would seem to be the appropriate remedy. Castle v. Village of Baudette, 267 Minn. 140, 125 N. W. (2d) 416.

[2]Minn. St. 170.55, subd. 1, provides in part: "The use and operation by a resident of this state or his agent, or by a nonresident or his agent of a motor vehicle within the state of Minnesota, shall be deemed an irrevocable appointment by such resident when he has been absent from this state continuously for six months or more following an accident, or by such nonresident at any time, of the commissioner of highways to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him or his executor, administrator, or personal representative growing out of such use and operation of a motor vehicle within this state, resulting in damages or loss to person or property, whether the damage or loss occurs on a highway or on abutting public or private property."

23, 1963, relator served and filed its answer without questioning the propriety of the venue. Three days later the bank was served with a note of issue, placing the matter on the calendar for trial at the April 13, 1964, term of court. In January 1964 interrogatories were served on relator, who in turn gave notice in March of the taking of depositions in which it participated on April 2, 1964. It was not until April 9, 1964, that relator for the first time raised the question of venue. The matter was returnable at the calendar call on the first day of the term and was argued on April 22. On June 12, 1964, after the normal time for trying civil jury cases had ended, the court entered an order denying relator's motion for dismissal. It did not rule on the question of whether the answer might be amended to put in issue the matter of venue. The prohibition proceedings in this court followed in July.

The Federal statute which governs venue in actions brought against national banks is 12 USCA, § 94. It is entitled "Venue of suits," and provides as follows:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

There can no longer be any question but that the statute deals only with venue and not with jurisdiction. Its title so indicates, and the statute itself confers jurisdiction on appropriate state courts. All of the cases which have come to our attention treat it in this manner.[3]

Plaintiff trustee relies on the provisions of § 542.10 and contends that relator is barred from securing the change of venue accorded by

---

[3]First Nat. Bank of Charlotte v. Morgan, 132 U. S. 141, 10 S. Ct. 37, 33 L. ed. 282; Buffum v. Chase Nat. Bank of City of New York (7 Cir.) 192 F. (2d) 58, 60; Chaffee v. Glens Falls Nat. Bank & Trust Co. 204 Misc. 181, 123 N. Y. S. (2d) 635; Lichtenfels v. North Carolina Nat. Bank, 260 N. C. 146, 132 S. E. (2d) 360.

the Federal statute.[4] Under the decisions of the United States Supreme Court, state laws and rules of procedure may not defeat an asserted Federal right which has been "plainly and reasonably made." In an opinion written by Mr. Justice Holmes involving a personal injury action brought against a railroad under Federal control, the court held that plaintiff's venue rights could not be defeated by local Missouri rules of practice which provided that a general appearance constituted a waiver. Davis v. Wechsler, 263 U. S. 22, 44 S. Ct. 13, 68 L. ed. 143. However, in dealing with a diversity statute, the court later noted that venue was a personal privilege which may be either asserted or waived, and supported its decision by invoking an Ohio statute which provided that such rights were deemed waived by defendant's default. Commercial Cas. Ins. Co. v. Consolidated Stone Co. 278 U. S. 177, 49 S. Ct. 98, 73 L. ed. 252. More recently in Michigan Nat. Bank v. Robertson, 372 U. S. 591, 83 S. Ct. 914, 9 L. ed. (2d) 961, the court remanded a suit against a national bank to the Supreme Court of Nebraska for its determination of whether there had been a waiver of venue under 12 USCA, § 94, without indicating the extent to which Nebraska practice would govern, but citing as authority First Nat. Bank of Charlotte v. Morgan, 132 U. S. 141, 10 S. Ct. 37, 33 L. ed. 282.[5] The Morgan case raised the question of whether a national bank waived its rights under 12 USCA, § 94, by defending on the merits without objection. The court held (132 U. S. 145, 10 S. Ct. 39, 33 L. ed. 284):

"* * * Considering the object as well as the words of the statute authorizing suit against a national banking association to be brought

---

[4]Minn. St. 542.10 provides in part as follows: "If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county."

[5]The rules governing the assertion of Federal rights in state courts are discussed in Central Union Tel. Co. v. Edwardsville, 269 U. S. 190, 46 S. Ct. 90, 70 L. ed. 229; Hart, Jr., *The Relations Between State and Federal Law*, 54 Col. L. Rev. 487, 509; Wolfson & Kurland, Jurisdiction of the Supreme Court of the United States, § 63.

in the proper state court of the county where it is located, we are of opinion that its exemption from suits in other courts of the same State was a personal privilege that it could waive, and which, in this case, the defendant did waive, by appearing and making defence without claiming the immunity granted by Congress."

No Federal case has come to our attention which determines the precise procedural point at which a waiver will be deemed to have occurred under the National Bank Act. However, there are a number of Federal cases,[6] including dictum in an opinion of the United States Supreme Court, which indicate that under the Admiralty Act the venue question must be raised before pleading to the merits. Hoiness v. United States, 335 U. S. 297, 69 S. Ct. 70, 93 L. ed. 16.

It is urged by relator that Mercantile Nat. Bank v. Langdeau, 371 U. S. 555, 83 S. Ct. 520, 9 L. ed. (2d) 523, requires a holding that venue is not here waived. We do not agree. The Langdeau decision merely held that the express provisions of 12 USCA, § 94, supersede conflicting provisions of the Texas venue statutes. The problem before us is not whether Minnesota statutes and rules of practice affecting venue take precedence over the National Bank Act, but only the extent to which local rules of practice should be given recognition on the question of waiver. Reduced to this narrow issue, and without deciding whether or not § 542.10 is applicable, we hold that relator has waived its right to a change of venue by failing to assert it in a timely manner.[7] Not only was it not raised in the answer, but relator permitted the note of issue and interrogatories to be served and filed without objection and initiated its own deposition proceedings. A right to a change of venue is a personal privilege which must

---

[6]Podgorski v. United States (3 Cir.) 183 F. (2d) 421; Rodinciuc v. United States (3 Cir.) 175 F. (2d) 479. See, also, Annotation, 5 L. ed. (2d) 1079, 1091.

[7]Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523; City of International Falls v. American Traction Co. 157 Minn. 207, 195 N. W. 891; Albrecht v. Sell, 260 Minn. 566, 110 N. W. (2d) 895. For a good discussion of the general subject, see Neirbo Co. v. Bethlehem Shipbuilding Corp. 308 U. S. 165, 60 S. Ct. 153, 84 L. ed. 167, 128 A. L. R. 1437.

be asserted seasonably. Here the matter remained dormant until the very moment that plaintiff could expect the case to be assigned out for trial. Under such circumstances we find there has been a waiver as a matter of law.

Accordingly, the writ is discharged.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.