## JOHN FOTOPOULOS AND OTHERS v. LIONEL BIRKELAND AND OTHERS.

141 N. W. (2d) 27.

March 4, 1966—No. 40,269.

*Cochrane, Thomson & Bresnahan* and *John A. Cochrane,* for relators.
*Jack Fena,* for respondents.

NELSON, JUSTICE.

Upon the petition of Harvey Glanzer, Steve Joseph Gadler, and American Associated Investors, Inc., a writ of prohibition was issued to restrain the Honorable N. J. Chanak and the other judges of the Sixth Judicial District from further proceedings in an action commenced against the relators and other defendants by plaintiffs in the St. Louis County District Court November 23, 1965.

Relators served upon plaintiffs' attorney an affidavit and demand for change of venue to Ramsey County, and on December 10, 1965, venue was changed to Ramsey County. On December 15, 1965, the clerk of court in St. Louis County requested a return of the cause of action to St. Louis County, but the clerk of the Ramsey County District Court

refused the request. On January 21, 1966, plaintiffs' attorney served a note of issue upon the relators and pursuant to such service the clerk of court in St. Louis County placed the cause of action on the calendar for trial at Hibbing. Relators contend in this court that the clerk of court in St. Louis County is without such power and seek to have the writ of prohibition made absolute to prevent the St. Louis County District Court from entertaining venue of the action. The issues for determination are whether under Minn. St. 542.10 as amended by L. 1965, c. 686, venue is ipso facto changed to the county of demand upon the filing of an affidavit and demand for change of venue, and whether the averments of such affidavit must be traversed in the county to which venue is transferred.

Relators cite several Minnesota cases in support of their claim that venue is ipso facto changed where the requirements of § 542.10 are met, among them Agricultural Ins. Co. v. Midwest Technical Development Corp. 269 Minn. 325, 130 N. W. (2d) 497. There we held that upon filing of an affidavit and demand complying with Minn. St. 1961, § 542.10, venue was ipso facto transferred to the demanded county. We also said (269 Minn. 332, 130 N. W. [2d] 502):

"The policy has been for many years that, if plaintiff wants to traverse the allegations of an affidavit supporting a demand for a change of venue, he must stand the expense of going to the county to which the action was transferred, and we think that policy is a sound and good one. It ought to be adhered to here, *at least in the absence of an unequivocal legislative declaration to the contrary.*" (Italics supplied.)

Plaintiffs argue that this case no longer controls because Minn. St. 542.10 as amended by L. 1965, c. 686, denies defendants the right to an automatic change of venue when an action is brought in a county in which the cause of action or some part thereof arose.

The statute as amended provides in part:

"* * * This demand and affidavit, with proof of service thereof upon the plaintiff's attorney, shall be filed with the clerk in the county where the action was begun within 30 days from the date of its service and thereupon, *unless the county where the action was begun is a county in*

*which the cause of action or some part thereof arose,* the place of trial shall be changed to the county where the defendant resides *without any other proceedings.*" (Italics supplied.)

This language is a plain expression of legislative intent. Thus, where a plaintiff has brought action in "a county where the cause of action or some part thereof arose," the statute supersedes our former decisions and requires us to hold both that under such circumstances filing of an affidavit and demand for change of venue does not automatically transfer venue to the demanded jurisdiction, and that the plaintiff can traverse the averments of the affidavit in the county in which he brought the action.

Plaintiffs' action here seeks recovery of the price of stock allegedly sold them through fraudulent misrepresentations. It appears that all material representations and transactions occurred in Hibbing, which is in St. Louis County. Thus, plaintiffs properly brought the action in that county and relators cannot have venue changed ipso facto upon demand under § 542.10 as amended by L. 1965, c. 686.

Writ discharged.