## C. T. BRUDZINSKI AND ANOTHER v. DeKALB AGRICULTURAL ASSOCIATION, INC., AND OTHERS.

155 N. W. (2d) 737.

January 19, 1968—No. 41,017.

*William Merlin*, for relators.

*Dorsey, Marquart, Windhorst, West & Halladay, Edward J. Schwartzbauer, Burns, Burns, Rawlings & Burns,* and *John T. Burns,* for respondents.

PER CURIAM.

Alternative writ of mandamus to compel the District Court of Hennepin County to vacate its order granting a change of venue from Hennepin County to Stearns County pursuant to defendants' joint demand and a finding by the court that "Hennepin County is not a county in which the cause of action or some part thereof arose."

Plaintiffs brought their action in Hennepin County, alleging in their complaint that defendants Claude Loesch and Leo Loesch breached an agreement whereby plaintiffs were to design and develop a corn planter conceived by defendant Leo Loesch, and that defendants Joseph Korman and DeKalb Agricultural Association, Inc., by false representations, interfered with the agreement and induced its breach while "Defendants conspired to deprive Plaintiffs of their rights." It was also alleged that "the cause of action or a part thereof, arose in Hennepin County."

Although the action was commenced in Hennepin County, all defendants are residents of Stearns County except DeKalb Agricultural Association, Inc., a Delaware corporation, whose registered agent appointed by it for the service of process resides in Hennepin County. Plaintiffs are residents of Ramsey County and Hennepin County.

Within the time required by Minn. St. 542.10 and as authorized thereby, defendants united in filing affidavits and demands for a change of venue to Stearns County upon their statements in the affidavits that neither the cause of action nor any part of it arose in Hennepin County. Since plaintiffs' complaint had not yet been filed in Hennepin County, the clerk forwarded the affidavits and demands to Stearns County, where a file was opened, and defendants thereupon filed their answers and a note of issue. Immediately thereafter, plaintiffs filed their complaint in Hennepin County, accompanied by an affidavit entitled "Demand for Retention of Venue," reasserting that the action was brought in Hennepin County "where a part of the cause of action arose." Subsequently, plaintiffs filed copies of defendants' answers and a note of issue in Hennepin County.

Thereafter, upon defendants' motion, the District Court of Hennepin County issued an order to show cause why the clerk of Hennepin County should not forward the file to Stearns County. The determinative issue of where the cause of action or a part thereof arose was submitted upon the pleadings and affidavits in opposition to and in support of defendants' motion. The court did not consider discovery depositions available after the motion was heard but before a decision was made, as urged by defendants, because of plaintiffs' objection.

Prior to the adoption of the 1965 amendment (L. 1965, c. 686) to § 542.10, multiple defendants by joint demand were entitled as a matter of right to obtain a change of venue to a county of their own selection even though the action or some part of it arose in the county in which the action was commenced. Donovan v. Dixon, 257 Minn. 4, 99 N. W. (2d) 783.

After the 1965 amendment, we held in Fotopoulos v. Birkeland, 273 Minn. 284, 141 N. W. (2d) 27, that where it is undisputed that the cause of action arose in the county where the action was commenced, a majority of multiple defendants no longer have a right to an automatic removal to a county of their choice.

Here, the county of the origin of the cause of action is disputed by the parties. Where such a dispute exists, we held in Agricultural Ins. Co. v. Midwest Technical Development Corp. 269 Minn. 325, 130 N. W. (2d) 497, that upon the filing of an affidavit and demand in compliance with the statute, the clerk should forthwith transfer the file to the county of the demand and the dispute concerning where the action arose should be determined in

the county to which the action is transferred. In our opinion, this procedure was not altered by the 1965 amendment. Apparently because plaintiffs claimed that defendants' affidavits and demand were not filed timely, this was not done. Since the action was filed in two counties, either party to the action had to make a choice as to the county in which the dispute would be judicially determined. That defendants took the initiative and made their motion in Hennepin County, where plaintiffs insisted the action be venued, can hardly be cause for complaint by plaintiffs.

The issue of where the action arose is a question of fact. Since the general policy underlying our venue statutes with respect to transitory actions is to grant to defendant a preference to defend himself in the county of his residence—and in cases of multiple defendants, in the county chosen by the majority—, and further, that a plaintiff's right to have the action tried in the county where it arose is an exception to that policy, we have held that plaintiffs have the burden to prove where the action arose. Granite Falls Municipal Hospital v. Cole, 270 Minn. 584, 133 N. W. (2d) 496. Thus it was incumbent upon plaintiffs to reveal facts with respect to where the agreement was made, the terms thereof, and where and in what manner the breach occurred sufficient to enable the court to find where the action or any part thereof arose. That plaintiffs failed to establish their claim by proper factual disclosures is fully and comprehensively explained in the court's memorandum, where it is stated:

"Nowhere in the complaint or in the affidavits submitted by plaintiffs do we find any *factual* allegations that could logically lead to the conclusion that the cause of action or any part of it arose in Hennepin County. The place of origin of the cause of action or any part of it is left in midair or in the limbo of some unspecified geographical location.

\* \* \* \* \*

"\* \* \* [I]t seems to the Court that plaintiffs, once the issue had been raised, had the duty, by way of an amendment of the complaint or a showing by affidavit, or otherwise, by factual averment rather than conclusions or opinions, to show that the cause of action or some part of it did indeed rise in Hennepin County. No such showing has here been made."

We agree that the pleadings and affidavits submitted required this conclusion and therefore justify the finding made by the court.

Plaintiffs' other claims of procedural errors or abuse of discretion are without merit and require no discussion since each is fully and adequately answered by the trial court's memorandum and return to this writ.

Writ discharged.