ARCTIC ENTERPRISES, INC. v. PLASTICS, INC.
FUSION RUBBERMAID CORPORATION,
THIRD-PARTY DEFENDANT.
POLARIS INDUSTRIES v. MOULDED PRODUCTS,
INC., AND ANOTHER.

192 N. W. 2d 822.

December 10, 1971—No. 43297, 43357.

*Wurst & McDowell, Robert A. Wurst, Oppenheimer, Brown, Wolff, Leach* and *Foster*, and *Michael Berens*, for petitioner (No. 43297).

*Fredrikson, Byron, Colborn, Bisbee, Hansen & Perlman, Jerome B. Pederson, Brink, Sobolik & Severson*, and *Robert K. Severson*, for petitioner (No. 43357).

*Padden, Dickel & Johannson, Briggs & Morgan, Leonard J. Keyes*, and *David C. Forsberg*, for respondent Plastics, Inc.

*Kueppers, Strong, Kueppers & Von Feldt* and *Fred A. Kueppers, Jr.*, for respondent Moulded Products, Inc.

OTIS, JUSTICE.

These matters are before the court on petitions for mandamus to require a change of venue from Ramsey County to Pennington County and Roseau County. Plaintiff in each action seeks damages against defendants for furnishing plaintiffs with defective gasoline tanks used by plaintiffs in manufacturing snowmobiles. The action brought by Arctic Enterprises, Inc. (Arctic), against Plastics, Inc. (Plastics), and Fusion Rubbermaid Corporation (Fusion) was commenced in Pennington County where plaintiff's principal place of business was located. The action brought by Polaris Industries (Polaris) against Plastics and Moulded Products, Inc. (Moulded) was commenced in Roseau County where Polaris' principal place of business was located. Each complaint alleges that a part of the cause of action arose in the county where the action was brought.

Pursuant to Minn. St. 542.09 and 542.10, defendants secured a change of venue to Ramsey County, which was the residence of Plastics. Plaintiffs thereupon moved the Ramsey County court for a remand to Pennington and Roseau Counties, claiming their causes of action or some part thereof arose in those counties. Defendants opposed the remand on the ground the plaintiffs' causes of action did not arise in Pennington and Roseau Counties, and countered with a motion to retain venue in Ramsey County under § 542.11(3, 4). They asserted that an impartial trial could not be had in the counties where the action was brought and that the convenience of witnesses and the ends of justice require the actions to be tried in Ramsey County. Plaintiffs' motions were denied and defendants' granted. The petitions requesting that venue be returned to Pennington and Roseau Counties followed.

■ The question of what county should entertain motions under § 542.11(3, 4), where venue has been changed to defendant's county under § 542.10, has never been before us. Candor compels us to observe that our decisions designating the proper court to entertain jurisdiction in venue matters are confusing and difficult to reconcile. In Agricultural Ins. Co. v. Midwest Technical Develop. Corp. 269 Minn. 325, 332, 130 N. W. 2d 497, 502 (1964), we unequivocally held that—

"* * * when a proper demand for a change of venue and supporting affidavit sufficient to comply with the statute are served and filed, the action is ipso facto transferred to the county designated by the demand, and that if the averments of a defendant or defendants with respect to residence or the place where the cause of action arose are to be challenged it must be done in the county to which the action is transferred."

Subsequent to the Agricultural Insurance case, and perhaps in response to it, the legislature amended § 542.10 by L. 1965, c. 686, to expressly provide that venue may be changed to the county of defendant's residence on his demand "unless the county where

the action was begun is a county in which the cause of action or some part thereof arose." Thereafter, in Fotopoulos v. Birkeland, 273 Minn. 284, 286, 141 N. W. 2d 27, 29 (1966), we said that the statute superseded our former decisions, and held:

"* * * [F]iling of an affidavit and demand for change of venue does not automatically transfer venue to the demanded jurisdiction, and * * * the plaintiff can traverse the averments of the affidavit in the county in which he brought the action."

In Rotering v. Jones, 277 Minn. 253, 254, 152 N. W. 2d 353, 354 (1967), we called attention to an order issued in connection with that case wherein we reiterated the rule that—

"* * * the filing of an affidavit and demand for change of venue in the county where the cause of action or some part thereof arose does not automatically transfer venue to the demanded jurisdiction."

We again relied on the amendment to § 542.10 to which we have referred.

Brudzinski v. DeKalb Agricultural Assn. Inc. 279 Minn. 486, 155 N. W. 2d 737 (1968), followed. There, contrary to what we said in Fotopoulos, we held that L. 1965, c. 686, did not alter our former procedures or supersede Agricultural Ins. Co. v. Midwest Technical Develop. Corp. *supra.* Rather, we reverted to the Agricultural Insurance case in holding that where the facts are disputed with respect to where the cause of action arose, that issue must be litigated in the county of defendant's residence.

Finally, in Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 513, 171 N. W. 2d 728, 730 (1969), we noted:

"* * * We have interpreted the statutes [§§ 542.09, 542.10], read together, to mean that when an action is brought in a county in which 'the cause of action or some part thereof arose,' defendant cannot remove it to the county of his residence as a matter of right."

. We here deny the petitions for writs of mandamus because we believe the trial court in each instance has reached the correct result. Were these matters to be remanded to Pennington and Roseau Counties, we would be compelled to hold on this record that defendants were entitled to a change of venue under § 542.11 (3, 4) as a matter of law. However, to resolve the inconsistencies in our decisions, we now adopt rules which will be given prospective application.

As early as 1893, in Jones v. Swank, 54 Minn. 259, 55 N. W. 1126, we held that all issues relative to venue, whether in defendant's county, plaintiff's county, or some other county, could be resolved in the county where the action was brought. This mode of procedure, we said, would prevent a multiplicity of motions. After the Jones decision, the statute first was amended to permit a change of venue to defendant's county on demand without a hearing, and then amended, as we have indicated, to limit defendant's venue rights as follows (§ 542.10) :

"* * * This demand * * * shall be filed with the clerk in the county where the action was begun * * * and thereupon, unless the county where the action was begun is a county in which the cause of action or some part thereof arose, the place of trial shall be changed to the county where the defendant resides without any other proceedings."

We now hold that Fotopoulos correctly construed legislative intent. That amendment did, indeed, supersede our previous decisions. It seems clear that the legislature was attempting to prevent an automatic transfer until the court resolved the issue of where the cause of action arose. No reason occurs to us why the court where the action was commenced is not competent to decide that issue before the case is removed. The specter of beginning an action in one county, removing the files to defendant's county, there conducting a hearing on where the action arose, followed by a remand to plaintiff's county, then a determination of the convenience of witnesses, culminating in a possible change of venue to still a third county, unquestionably struck the legis-

lature as a needless waste of judicial manpower as well as an unwarranted expense to litigants. While the scope of legislative intent is always elusive, clearly the purpose of the amendment was to have decided in plaintiff's county the threshold question of where the action arose. Once that question is presented, the matter of litigating defendant's place of residence and the right to a change of venue for convenience of witnesses or to obtain an impartial trial logically follows. Indeed, in most instances the court where the action was begun is best qualified to pass on the question of obtaining an impartial trial in that county and equally well qualified to determine the convenience of witnesses and where the cause of action arose.

■ The trial court in the Polaris action held that the availability of facilities to accommodate witnesses, jurors, and counsel, and the problems involved in selecting a jury in Roseau County make it clear that a trial in some other county is preferable. In the Arctic case, the trial judge was of the opinion that the trial should be conducted in a location removed from plaintiff's "home base" in Pennington County to achieve "fairness and impartiality." We hold that the evidence is adequate to support the trial court's decision in each case. Roseau County has a population of 11,000, and Polaris there has a payroll ranging from 400 to 1,100 employees. It appears to be the largest employer in the county and substantially influences the economy of the community, with revenues of over $30,000,000 a year and property valued at $19,000,000. Approximately 15 percent of the potential jurors or their spouses are employed by Polaris. There is no public transportation from the Twin Cities, where the principal defendant is located, directly to Roseau for the 23 witnesses which defendants intend to call. In addition, there was a showing that some of the gas tank failures occurred in that county, with the likelihood that this would have an impact on the impartiality of jurors.

With respect to the action brought by Arctic, it is undisputed that its headquarters are in Thief River Falls in Pennington

County, the population of which is 13,000. The court found that Arctic is the largest employer in the county, having some 2,000 people on its payroll, with assets of $23,000,000. Its sales range from $40,000,000 to $50,000,000 a year. Here, again, there were gas tank failures. The claims asserted by Arctic amount to a million dollars. Thief River Falls is 300 miles from the Twin Cities where 14 witnesses whom defendant Plastics intends to call reside.

The principal prejudice to plaintiffs, as we see it, is the state of the jury calendars in the three counties involved. There is no question but that in the ordinary course of events these matters would be reached for trial in Roseau and Pennington Counties much sooner than in Ramsey County. On the other hand, it is suggested that the taking of pretrial depositions and other pretrial procedures will inevitably require some delay wherever the venue is located. Furthermore, upon a proper showing, the trial court may, if it sees fit, advance these matters on the calendar.

Balancing the likelihood of obtaining a completely impartial jury against the somewhat weaker showing of convenience of witnesses, we are of the opinion the trial court in each instance was justified in retaining venue in Ramsey County. Accordingly, the petitions for writs of mandamus are denied.

Petitions denied.