STATE EX REL. AMERICAN HOIST AND DERRICK, INC. v. TERRANCE CAREW.

198 N. W. 2d 552.

June 9, 1972—No. 43208.

*Castor, Stich & Ditzler, Austin D. Ditzler,* and *Nathan Lipson,* for appellant.

*O'Leary, Trenti, Berger & Carey* and *Paul Q. O'Leary,* for James A. Erickson.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn JJ.

WILLIAM D. GUNN, JUSTICE.*

This is an appeal from an order denying a petition for an alternative writ of mandamus to compel the clerk of Koochiching County District Court to forward to the clerk of Ramsey County District Court the files, records, and proceedings in a case commenced in the former county. The order was issued by the Ramsey County District Court on May 4, 1971.

On February 6, 1967, the boom of a crane built by American Hoist broke and fell on James A. Erickson, injuring him. Erickson at the time was an employee of the crane's owner, Boise Cascade Corporation. Following the accident, he brought an action in Koochiching County against American Hoist on a products liability theory and obtained an $85,000 verdict on May 22, 1970. American Hoist appealed to this court. Oral arguments were heard on October 19, 1971. During the course of those arguments, we learned of Erickson's contention that following the verdict a settlement had been reached for $60,000; that American Hoist was objecting to the settlement; and that an action involving that controversy was pending. This court then entered an order staying the appeal pending the outcome of the suit regarding the settlement.

The settlement of Erickson's case was apparently negotiated between attorneys for American Hoist's insurer, Insurance Company of North America (INA), and plaintiff's attorney. These

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

negotiations took place by telephone between Minneapolis, Duluth, and Virginia, Minnesota. None of these cities lies within Koochiching County. After reaching a tentative agreement by telephone, plaintiff's attorney journeyed to plaintiff's home in Koochiching County where plaintiff accepted the proposal.

American Hoist's objections to the settlement are based upon its contentions that it was not a party to the agreement and that INA had acted without authority in reaching the settlement. It appears that American Hoist has a substantial monetary interest in the litigation because its insurance policies with INA have provisions that may make it responsible for payment of a major portion of the settlement figure. INA has paid $20,000 toward the settlement.

Upon American Hoist's refusal to pay its share of the settlement, Erickson brought an action against American Hoist and INA in Koochiching County on March 12, 1971, to compel the payment. American Hoist then filed a demand for a change of venue to Ramsey County together with supporting affidavits, pursuant to Minn. St. 542.09 and 542.10. Plaintiff thereafter filed an objection to the demand for change of venue. The clerk of Koochiching County District Court refused to forward the records and files of the case to Ramsey County without a court order that he do so. Thereafter, American Hoist commenced this proceeding by filing a petition for an alternative writ of mandamus in Ramsey County on April 15, 1971, seeking to compel the clerk of Koochiching County District Court to forward the files to Ramsey County District Court. That petition was denied on May 4, 1971, and this appeal followed.

Another action is also pending in Ramsey County District Court, commenced February 26, 1971, by American Hoist against INA and Erickson. In that action, American Hoist seeks declaratory relief against INA on allegations that INA failed to use reasonable care in investigating and defending and in failing to appeal the verdict in the first Erickson case. It also seeks to void the settlement in that case.

This appeal has an unusual procedural background. Technically, the appeal should have been taken from a denial of a motion to remand rather than a denial of the petition for a writ of mandamus. However, the trial court decided to overlook this procedural aspect and we do the same.

Appellant contends that where there is a dispute as to whether or not any part of a cause of action arose in the county in which the case or action was originally venued, "the proper county for venue is the county of the defendant and the case should be remanded."

We acknowledge that decisions of this court designating the proper court to entertain jurisdiction in venue matters have been difficult to reconcile. In Arctic Enterprises, Inc. v. Plastics, Inc. 292 Minn. 16, 192 N. W. 2d 822 (1971), our past decisions are reviewed and their inconsistencies confessed. We believe that decision makes it clear that when an issue arises as to whether or not a cause of action or any part thereof arose in the county in which the action was originally commenced, that issue should be determined by the court of the county in which the action is commenced. We adhere to that position. In this case, however, the question arose in the trial court before our decision in Arctic Enterprises. In any event, the trial court was, under the circumstances, fully justified in considering the matter on the merits without further delay and expenditures for transportation and postage. We do the same, although strict adherence to the principles in Arctic Enterprises might suggest that we remand the matter to Koochiching County to start all over again. We decline to do so. There should be some limit to transit even in transitory actions.

The complaint in the action to compel payment of the settlement and the trial court in its memorandum in this case indicate that a district court order, consistent with the settlement agreement between Erickson, INA, and possibly American Hoist, has been made and filed in Koochiching County. If so, it does not

seem appropriate that another district court judge in another district should be asked to pass upon that order. It seems this might be necessary if venue were changed to Ramsey County. We do not find the Koochiching County District Court order in the appendix accompanying appellant's brief, and we do not have the Koochiching County file. Accordingly, we base our decision on another issue: Did the cause of action arise at least in part in Koochiching County?

In Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 171 N. W. 2d 728 (1969), a venue case, this court discussed the question of what constitutes "some part" of a cause of action. It then referred with apparent approval to a Wisconsin case saying (285 Minn. 513, 171 N. W. 2d 730):

"* * * State ex rel. Webster Mfg. Co. v. Risjord, 201 Wis. 26, 229 N. W. 61, an action for contract damages, applied a venue statute similar to the one here involved and held that the county in which the offer was accepted would be a proper place for a trial."

After reviewing the principles involved, it then said (285 Minn. 514, 171 N. W. 2d 731):

"Each of these elements of the cause of action will be evidenced by certain facts which give rise to a conclusion of law— i. e., (a) the contract was formulated when the offer was accepted; (b) plaintiff's performance was completed when plaintiff delivered the finished product to the agreed location; and (c) defendants breached the contract when they failed within a reasonable time to make payment. It follows that any county in which occurred the facts evidencing one of these propositions or conclusions of law is a county in which 'some part' of the cause of action arose. Brudzinski v. DeKalb Agricultural Assn. Inc. *supra* [279 Minn. 486, 155 N. W. 2d 737 (1968)]."

In the instant case the offer was accepted by Mr. Erickson in Koochiching County. It follows that some part of the cause of

action arose in that county and the order appealed from should be affirmed.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.