## THOMAS STANDSLAST v. HOWARD REID.

231 N. W. 2d 98.

June 13, 1975—No. 45441.

*Melvin B. Goldberg, James P. Cullen,* and *Thomas G. Rowe,* Legal Assistance to Minnesota Prisoners, for appellant.

*Rufer, Hefte, Pemberton, Schulze & Sorlie* and *Gerald S. Rufer,* for respondent.

Heard at Special Term by Sheran, C. J., and Peterson and MacLaughlin, JJ., and considered and decided by the court en banc.

PER CURIAM.

Petition for a writ of mandamus directing the Honorable John F. Thoreen, a judge of the Washington County District Court, to find Washington County to be the proper venue of this matter and to vacate its order refusing to determine the question of venue.

Petitioner brought an action against respondent, a physician practicing in Bemidji, Beltrami County, Minnesota, alleging that he breached a professional obligation to keep confidential a diagnosis and recommendation for treatment. The examination resulting in the diagnosis and recommendation took place in Bemidji; subsequent to the examination, petitioner was convicted of murder and has been confined to the State Prison in Washington County.

The summons and complaint, served September 25, 1973, are venued in the District Court for Washington County, but there is no allegation that the cause of action or any part thereof arose in that county.

For purposes of this proceeding, we consider these to be the pertinent occurrences:

On October 12, 1973, and before the summons and complaint were filed, the clerk of the Washington County District Court received defendant's affidavit of residence and demand for change of venue from Washington County to Beltrami County. She thereupon promptly mailed the entire contents of the file, as was her practice, to the clerk of the Beltrami County District Court.

On October 13, plaintiff instructed the Washington County clerk of court to retain the already-removed file, pending a judicial determination of venue.

Defendant answered and served interrogatories, a note of issue, and a notice of deposition, all venued in Beltrami County. On October 22, plaintiff's counsel telephoned defendant's counsel and objected to the venue demand. On October 23, plaintiff's counsel telephoned the Beltrami County clerk of district court to object to the transfer and to request a return of the file to

Washington County pending a venue hearing there. On October 26, defendant adjourned the taking of plaintiff's deposition, at plaintiff's request, and extended the time for answering interrogatories. On November 8, the interrogatories were answered with a Washington County venue caption.

On December 12, plaintiff requested a venue hearing in Washington County, which request was denied by Judge Thoreen. On January 12, 1975, Judge Thoreen agreed to entertain the limited hearing requested. On January 28, according to plaintiff a notice of motion, motion, and brief were served on defendant and filed in Washington County. On that same day, a letter was sent to the Beltrami County clerk of district court giving notice of the Washington County hearing and requesting that the cause be removed from the February 5 Beltrami County District Court calendar call. Between January 12 and 28, additional discovery was engaged in by both parties, each using different venue captions.

At the February 5 Beltrami calendar call, the district court authorized the taking of plaintiff's deposition by defendant. Defendant announced the case for trial. On February 14, defendant answered interrogatories with a Beltrami venue captioned in the reply and forwarded the Beltrami order permitting the taking of plaintiff's deposition.

On February 21, the Washington County District Court held a hearing on plaintiff's motion for an order determining that Washington County was the proper venue and compelling return of the file to the clerk of the Washington County court. Defendant appeared specially, objected to any Washington County proceedings, and requested that all proceedings and service with a Washington County venue be quashed. On March 28, Judge Thoreen denied plaintiff's motion. Reasoning that Beltrami County was the proper place for decision of the venue question, Judge Thoreen's thorough memorandum, made part of his order, set out the problem he dealt with under our statutes and decisions:

"In the application of M. S. A. 542.09 and 542.10 the Clerk of Court is confronted in most cases with a very practical problem if he is to comply with the rule stated in Arctic Enterprises, Inc. v. Plastics, Inc. (1971) 292 Minn. 16, 192 N. W. 2d 822. The instant case is typical. The plaintiff serves his Summons and Complaint on defendant but does not file the same. The usual practice is not to file the Summons and Complaint until after the Answer is served or time to answer has expired. However, under M. S. A. 542.10, the defendant must file his demand and supporting affidavit within 20 days of service. Usually the defendant is the first party to file—when he files his demand. The clerk is then in a position where he has defendant's affidavit stating that no part of the action arose in Washington County and nothing from plaintiff to refute this claim. Often, the clerk does not even know who the attorney for plaintiff is at this point.

"If the rule is to be practically applied, it would appear that the clerk should require the defendant to furnish a copy of the Summons and Complaint along with the demand. The clerk is not a judge. If the Complaint does not specifically allege that the cause of action arose in Washington County, he would have no alternative but to forward the file. If it did so allege, that issue could be referred to a judge and set for hearing to resolve the disputed issue.

"In this case the plaintiff did not file his Summons and Complaint so the clerk had no basis to question defendant's demand or affidavit. The Court was furnished a copy of the same in connection with this motion. The Complaint *does not* allege that any part of the cause of action arose in Washington County. Thus, even if the clerk had demanded a copy of the Complaint before forwarding the file, the end result would have been the same.

"Venue was changed and the file physically transferred to Beltrami County in October, 1973. The District Court of Beltrami has issued an Order assuming it had jurisdiction. The case has been set for trial in that county. Under these circumstances it would appear proper that any further issues raised

be determined there. I am aware that plaintiff is an inmate in the Minnesota State Prison. However, he need not be present in Beltrami County if his counsel wish to move for a change of venue pursuant to M. S. A. 542.11."

The issue argued before us is whether Minn. St. 542.10[1] and our opinions construing it, particularly Arctic Enterprises, Inc.

---

[1] "If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action, the date of service of the summons, and stating that neither the cause of action nor any part thereof arose in the county designated in the complaint. This demand and affidavit, with proof of service thereof upon the plaintiff's attorney, shall be filed with the clerk in the county where the action was begun within 30 days from the date of its service and thereupon, unless the county where the action was begun is a county in which the cause of action or some part thereof arose, the place of trial shall be changed to the county where the defendant resides without any other proceedings. If the county designated in the complaint is not the county in which the cause of action or some part thereof arose and if there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county seat is nearest. When the place of trial is changed all other proceedings shall be had in the county to which the change is made, unless otherwise provided by consent of parties filed with the clerk or by order of the court and the papers shall be transferred and filed accordingly. When a demand for a change of the place of trial is made as herein provided the action shall not for any of the reasons specified in section 542.11 be retained for trial in the county where begun, but can be tried therein only upon removal thereto from the proper county in the cases provided by law."

See, also, Minn. St. 542.09, which provides in pertinent part: "All actions not enumerated in sections 542.02 to 542.08 and section 542.095 shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose."

v. Plastics, Inc. 292 Minn. 16, 192 N. W. 2d 822 (1971), require the court in which the action is begun[2] to decide whether venue is properly there or elsewhere.

1. The basic rationale of Arctic Enterprises is applicable here. In that case, each of the two complaints included a claim that a part of the cause of action arose in the county in which the action was brought. Here, the complaint does not include such a claim and was not filed when the demand was received by the clerk. Whether or not the complaint puts in issue where the cause arose, there remains the question whether the cause or some part thereof arose in the county in which the action was begun. A demand for change of venue as of right under Minn. St. 542.10 raises the question, necessitating its judicial examination and resolution if a timely challenge to the demand is made.

Fotopoulos v. Birkeland, 273 Minn. 284, 141 N. W. 2d 27 (1966), relied on in Arctic Enterprises, is in point. There, the complaint made no specific allegation as to where the cause of action or any part thereof arose. Nor was there any trial court determination of that issue. A demand was made to remove to Ramsey County, where a majority of the defendants resided, from St. Louis County, where the action was brought. The file was tranferred to Ramsey County. The Ramsey County clerk refused a request to return the file; nevertheless, the case was set in St. Louis County. The defendants obtained prohibition in this court, arguing that plaintiff's recourse was to move for a remand in Ramsey County.

In discharging the temporary writ, we phrased the issue in this way:

"* * * [W]hether under Minn. St. 542.10 * * *, venue is ipso facto changed to the county of demand upon the filing of an af-

---

[2] See Rule 3.01, Rules of Civil Procedure: "A civil action is commenced against each defendant when the summons is served upon him or is delivered to the proper officer for such service; but such delivery shall be ineffectual unless within 60 days thereafter the summons be actually served on him or the first publication thereof be made."

fidavit and demand for change of venue, and whether the averments of such affidavit must be traversed in the county to which venue is transferred." 273 Minn. 285, 141 N. W. 2d 28.

We first held that, when the cause of action or some part thereof arose in the county in which the action was begun, venue cannot be changed on demand.

"* * * [W]here a plaintiff has brought action in 'a county where the cause of action or some part thereof arose,' the statute * * * requires us to hold both that under such circumstances filing of an affidavit and demand for change of venue does not automatically transfer venue to the demanded jurisdiction, and that the plaintiff can traverse the averments of the affidavit in the county in which he brought the action."[3] 273 Minn. 286, 141 N. W. 2d 29.

We then held, on the basis of the record before us, that the cause of action arose in St. Louis County.

Fotopoulos suggests that there can be no ipso facto change of venue on demand even when there is no allegation of where the cause arose. A determination must first be made where the cause of action or some part thereof arose. Fotopoulos permitted the plaintiff to attack the demand in the county where he originated the action. The case did not require the plaintiff to attack the demand by motion to remand in the county to which the cause was automatically transferred, as had been the practice approved in Agricultural Ins. Co. v. Midwest Technical Development Corp. 269 Minn. 325, 130 N. W. 2d 497 (1964).

From a reading of the facts in Fotopoulos, the issue posed, and the basis for the demand made, we believe that the effect of the holding is to permit what we commonly call a "demand as of

---

[3] We cited and discussed Agricultural Ins. Co. v. Midwest Technical Development Corp. 269 Minn. 325, 130 N. W. 2d 497 (1964), which held that, upon filing of affidavit and demand under Minn. St. 542.10 prior to its amendment in 1965, venue was ipso facto transferred to the demanded county.

right," but to require that, if plaintiff promptly challenges the demand, its propriety is subject to judicial determination in the county in which the action is begun. Generally, see Rotering v. Jones, 277 Minn. 253, 152 N. W. 2d 353 (1967). See State ex rel. American Hoist & Derrick, Inc. v. Carew, 293 Minn. 318, 321, 198 N. W. 2d 552, 554 (1972), where we said that Arctic Enterprises, Inc. v. Plastics, Inc. 292 Minn. 16, 192 N. W. 2d 822 (1971), had made it clear that—

"* * * when an issue arises as to whether or not a cause of action or any part thereof arose in the county in which the action was originally commenced, that issue should be determined by the court of the county in which the action is commenced."

In the American Hoist case the complaint did not allege that the cause of action or any part thereof arose in the county in which the action was brought, as it had done in Arctic Enterprises. We see no appreciable difference between the case where the complaint alleges that the cause of action or some part thereof arose in the county in which the action was brought and the case where no such explicit allegation is made but, after a demand by defendant for a change of venue as of right under § 542.10, plaintiff timely asserts that the cause of action or some part thereof arose in the county in which he brought the action.

To the extent that they conflict with or sanction a procedure foreign to the rule we derive from what we consider to be the proper line of authority on this point, cases such as Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 171 N. W. 2d 728 (1969), and Brudzinski v. DeKalb Agricultural Assn. Inc. 279 Minn. 486, 155 N. W. 2d 737 (1968), are overruled.

2. Defendant asserts that because the complaint was not filed and did not allege that any part of the cause of action arose in Washington County, the clerk in that district court was justified in immediately transferring the file to Beltrami County.

We cannot agree. The venue statutes do not require that a

plaintiff plead that a cause of action, or a part thereof, arose in the county where the action is begun. Such an allegation is usually superfluous to the cause itself.

It is a tightening and clarification of our earlier rules, not a departure from them,[4] to hold that in this case, as in Arctic Enterprises, a clerk of court may not respond to a demand for change of venue by transferring the file until the plaintiff has received proper notice by service of the affidavit and demand and has had an opportunity to be heard by taking prompt steps to resist the demand.

Consistent with Arctic Enterprises and the suggestions there made of judicial and litigant economy, in order to retain the action in the court in which it was begun, plaintiff must with promptness establish to the satisfaction of that court[5] that at least a part of the cause of action arose in the county in which the court is located.

We anticipate that plaintiffs will make a motion, accompanied by affidavits, to quash the demand or to retain venue, and that the court will hold a hearing thereon if necessary to determine the issues presented. At the time plaintiff serves the motion, he should advise the clerk of court in writing of the motion. Speed in opposition is essential; unjustifiable delay should not be countenanced by the trial courts and will not be approved here. Normally, the party moving to retain venue where the action is begun should serve the motion within 8 days of service of the demand by the defendant.

---

[4] We must repeat the comment made in Arctic Enterprises, Inc. v. Plastics, Inc. 292 Minn. 16, 18, 192 N. W. 2d 822, 823 (1971), that "[c]andor compels us to observe that our decisions designating the proper court to entertain jurisdiction in venue matters are confusing and difficult to reconcile." See, also, State ex rel. American Hoist & Derrick, Inc. v. Carew, 293 Minn. 318, 321, 198 N. W. 2d 552, 554 (1972).

[5] The court in which the action is begun is the court named in the summons, pursuant to Rule 4.01, Rules of Civil Procedure. Cf. State ex rel. American Hoist & Derrick, Inc. v. Carew, *supra*.

3. Because of current practice and the heretofore uncertain state of our law, we hold that petitioner is not bound by the foregoing limitations. Those directives will apply only to actions commenced on and after the date of this opinion.

Although we do not decide where this trial should take place, we do draw attention to the apparent fact that petitioner allowed the file to rest for a substantial period of time in Beltrami County before challenging the transfer. Apparently, no service of any motion to do so was made from mid-October until late January, or, accepting respondent's version, late February. Thus, petitioner appears to have left his lawsuit in a state of uncertainty despite his feeling that he had been wronged by the automatic transfer.

While the Washington County District Court must decide where venue lies in this matter, it should apply the rules we have previously developed to deal with these problems.[6]

We conclude that petitioner is entitled to a writ of mandamus directing Judge Thoreen to vacate his order of March 28, 1974, and to determine whether Washington County is the proper venue of petitioner's action.

Petition granted in part, denied in part. Let the writ issue accordingly.

---

[6] See, e.g., Albrecht v. Sell, 260 Minn. 566, 110 N. W. 2d 895 (1961); Blankholm v. Fearing, 222 Minn. 51, 22 N. W. 2d 853 (1946); City of International Falls v. American Traction Co. 157 Minn. 207, 195 N. W. 891 (1923). Cf. Solum v. Farmers & Merchants Nat. Bank, 269 Minn. 431, 131 N. W. 2d 231 (1964); 20 Dunnell, Dig. (3 ed.) §§ 10116 to 10118.