**Michael DURELL, individually, and as Trustee for the Heirs of Rose Durell, Decedent, Petitioner,**

v.

**MAYO FOUNDATION, d/b/a Mayo Clinic, et al., Respondents.**

No. C1–88–1921.

Court of Appeals of Minnesota.

Oct. 4, 1988.

Review Denied Nov. 16, 1988.

James Malcolm Williams, Minneapolis, for petitioner.

Craig Beck, Dorsey & Whitney, Rochester, for respondents.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Petitioner has brought a civil action alleging medical malpractice and tortious conduct. Two prior petitions to this court, challenging pretrial rulings on a discovery motion and a request for change of venue, have been denied. Petitioner has already used his notice of removal pursuant to Minn.R.Civ.P. 63.03 to obtain the removal of one judge. Petitioner now seeks to remove another judge, alleging he is disqualified from hearing the case because the spouse of the judge is employed by a hospital (not a party to this case) which sometimes transfers cases to respondent hospitals, the judge's spouse was treated once by respondent hospitals, and the judge's father served his medical residency at respondent hospitals in the 1920's.

The trial judge found there was an insufficient showing of prejudice and refused to honor the request for removal. Petitioner now seeks a writ of mandamus.

### DECISION

Mandamus will lie to compel the performance of a clearly required act, but it cannot control judicial discretion. Minn. Stat. § 586.01 (1986). Having previously removed one judge as a matter of right, petitioner is required to establish the judge now assigned is actually prejudiced. Minn. R.Civ.P. 63.03.

At the hearing on petitioner's request for removal, his own counsel acknowledged it is for the trial judge to determine whether they can be totally fair and impartial, and if they determine that they can, the request must be denied. Whether to honor a request for removal based on allegations of actual prejudice is a matter for the trial court's *discretion*. *See Nachtsheim v. Wartnick*, 411 N.W.2d 882, 891 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Oct. 28, 1987). Mandamus is an inappropriate remedy.

We are also troubled by counsel's frequent resort to extraordinary remedies. Discretionary review, mandamus, and prohibition are appropriate only in extraordinary cases, where the ordinary remedy of preserving error and raising it on appeal from a final judgment is inadequate. That counsel has sought extraordinary relief three times before this case has even been

tried, at considerable expense to his clients, is regrettable.

Petition for writ of mandamus denied.