**Rae Ann RIDDLE, Petitioner,**

v.

**Jeanette Josephine RINGWELSKI, et al., Respondents.**

**No. C1–90–137.**

Court of Appeals of Minnesota.

Feb. 20, 1990.

Richard G. Kreutzfeldt, Van Drake & Van Drake, Ltd., Brainerd, for petitioner.

Anthony Tarvestad, Steven R. Schwegman, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondents.

Considered at Special Term and decided by PARKER, P.J., and SHORT and GARDEBRING, JJ.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

Riddle filed an action in Ramsey County against respondents Ringwelski and Lupient Buick, residents of Ramsey and Hennepin Counties, respectively. The suit arose out of an automobile accident that occurred in Morrison County. The defendants filed a timely demand for a change of venue to Morrison County on November 16, 1989, which Riddle admits receiving the next day. On December 6, 1989, 19 days after the original demand, Riddle filed a motion to quash the demand. The Ramsey County district court denied the motion and granted the demand for a change of venue to Morrison County. Riddle now seeks a writ of mandamus to compel Ramsey County to retain venue.

### DECISION

Mandamus is the appropriate vehicle for reviewing a venue order. *Ebenezer Society v. Minnesota State Board of Health,* 301 Minn. 188, 193, 223 N.W.2d 385, 388 (1974); *Winegar v. Martin,* 148 Minn. 489, 490, 182 N.W. 513, 513 (1921). "Mandamus will lie to compel the performance of a clearly required act, but it cannot control judicial discretion." *Durell v. Mayo Foundation,* 429 N.W.2d 704, 705 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Nov. 16, 1988).

If the cause of action did not arise where the suit is filed, and if there are "several" defendants residing in different counties, they may demand a change of venue. Minn.Stat. § 542.10 (1988). We note that "several" is generally defined as a number more than two, *Black's Law Dictionary* 1232 (5th ed.1979), and the case was properly filed in the county of residence of one of two defendants. Minn.Stat. § 542.09. It appears that respondents may have improperly relied upon section 542.10 in demanding a change of venue.

Even if the demand was defective, petitioner was required to make a *timely* motion to quash respondents' demand. *See Standslast v. Reid,* 304 Minn. 358, 366, 231 N.W.2d 98, 103 (1975) (motion to quash should be brought *within eight days* of the demand for change of venue). Petitioner's motion to quash was brought 19 days after the demand, and thus was not timely. The trial court was not clearly required to retain venue in Ramsey County, and mandamus will not lie.

Petition for mandamus denied.