CITY OF ST. PAUL, Petitioner,
Appellant,

v.

Linda May SPENCER, et al.,
Respondents (CO–92–
1381),

Lee Lenore's Sauna, et al., Respondents
(C2–92–1382),

The Speakeasy, et al., Respondents
(C4–92–1383),

The Emporium, et al., Respondents
(C6–92–1384),

Como Rice Health Club, et al.,
Respondents (CX–92–1632).

Nos. C0–92–1381, C2–92–1382, C4–92–
1383, C6–92–1384, CX–92–1632.

Court of Appeals of Minnesota.

March 9, 1993.

Review Denied April 20, 1993.

Natalie E. Hudson, St. Paul City Atty.,
Philip B. Byrne, Asst. City Atty., St. Paul,
for appellant.

S. Mark Vaught, Gregory M. Pennella,
St. Paul, for Linda May Spencer and Thom-
as J. Beier, CO–92–1381; Lenore A. Tur-
ner, a/k/a LeNore A. Ehrlichman and Er-
nest Turner, C2–92–1382; Benjamin F.
Roberts and Diversified, Inc., d/b/a Diver-
sified Management Corp., C4–92–1383;
R.B. Holden, Arlene G. Holden and Hudson

Road Properties of St. Paul, Inc., C6–92–1984).

James L. Berg, Chaska, for Leland M. Otto.

Considered and decided by CRIPPEN, P.J., and DAVIES and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

The City of St. Paul challenges the trial court's dismissal of its actions seeking permanent injunctions and orders of abatement under the public nuisance statute based on multiple convictions. The city argues the trial court erred in concluding Minn.Stat. § 617.81, subd. 3 (1990) requires a notice of conviction be sent to the building owner and other interested parties after each conviction. We affirm.

## FACTS

Appellant, the City of St. Paul, brought suit under the public nuisance statute, Minn.Stat. §§ 617.80–.87 (1990), to enjoin the continuation of alleged nuisances on property in which respondents have an interest.

Minn.Stat. § 617.81, subd. 2 (1990) provides in relevant part:

[A] public nuisance exists upon proof of three or more misdemeanor convictions or two or more convictions, of which at least one is a gross misdemeanor or felony, within the previous two years for:

(1) acts of prostitution or prostitution-related offenses committed within the building.[1]

If a nuisance is proved, the district court shall issue a permanent injunction and enter an order of abatement. Minn.Stat. § 617.83 (1990). The order of abatement must direct the closing of the building or a portion of it for one year, subject to certain exceptions. *Id.* In the present cases, the city sought permanent injunctions to prevent the properties from being used for any prostitution-related activities and for orders of abatement to close the buildings for one year.

Minn.Stat. § 617.81, subd. 3 (1990) of the public nuisance statute provides:

Notice of a conviction described in subdivision 2 must be mailed by the court administrator to the owner of the building where the offense was committed and all other interested parties and must be filed with the county recorder's office. This notice is considered sufficient to inform all interested parties that the building or a portion of it is being used for purposes constituting a public nuisance.

The narrow issue in this case centers around the sufficiency of the notice. The parties stipulated that the notices of conviction were prepared at the same time as the summons and complaints and were mailed to respondents at approximately the same time the summons and complaints were given to the process servers for service upon the individual respondents. The summons and complaints were served within a short time thereafter by the process servers. Based on these facts, it was stipulated that the notices of conviction were served upon respondents for all practical purposes "contemporaneously" with the summons and complaints. The parties also stipulated that respondents received no formal notice of any conviction prior to receiving the notices of conviction described above.

Respondents argued to the trial court that section 617.81, subdivision 3 itself requires a separate notice of conviction after each conviction occurs. Respondents also argued procedural due process requires a separate notice be sent after each conviction so that a property owner may take steps to abate the nuisance. The city argued neither the statute nor procedural due process requires separate notices of conviction. Thus the city contends the one notice it sent satisfied the statute.

---

1. The public nuisance statute also applies to activities other than prostitution. For example a public nuisance may be found where the building is being used for gambling, the sale or possession of controlled substances, or the unlawful sale of alcoholic beverages. Minn.Stat. § 617.81, subd. 2.

The trial court agreed with respondents and therefore denied the city's motions for permanent injunctions and for orders of abatement and dismissed the actions with prejudice. Judgment was entered and this appeal followed. All five cases have been consolidated for purposes of this appeal.

## ISSUE

Did the trial court err in determining that Minn.Stat. § 617.81, subd. 3 (1990) of the public nuisance statute requires that a separate notice of conviction must be sent to the building owner and other interested parties after each conviction?

## ANALYSIS

■ Where the trial court applies the language of a statute to undisputed facts, the trial court's conclusion is one of law and does not bind this court. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn. 1977). The construction of a statute is a question of law and is subject to de novo review on appeal. *Doe v. Minnesota State Bd. of Medical Examiners,* 435 N.W.2d 45, 48 (Minn.1989). We need not give any weight to the trial court's construction of the applicable statutes. *Id.*

■ Minn.Stat. § 617.81, subd. 3 (1990) does not explicitly enumerate the number of notices that must be given to the owner of the building and other interested parties before a public nuisance may be found. Thus the statute is ambiguous. In interpreting ambiguous statutes, we must ascertain and effect the intent of the legislature. Minn.Stat. § 645.16 (1990). The legislature's intent may be ascertained by considering, inter alia, the occasion and necessity of the law, the circumstances under which it was enacted, the mischief to be remedied, the object to be obtained and the consequences of a particular interpretation. *Id.*

■ While the city correctly points out that Minn.Stat. § 617.81, subd. 3 does not expressly require "two" or "three" notices, subdivision 3 does require "notice of a conviction." In choosing between possible definitions, we must take the interpretation which appears to be the more logical in concept and practical in application. *Industrial Rubber Applicators, Inc. v. Eaton Metal Prods. Co.,* 285 Minn. 511, 515, 171 N.W.2d 728, 732 (1969), *rev'd on other grounds, Standslast v. Reid,* 304 Minn. 358, 231 N.W.2d 98 (1975). Applying this principle, we believe the word "a" denotes a "single" conviction. *See The American Heritage Dictionary* 66 (2d college ed. 1982).

■ The language of subdivision three, in conjunction with the purposes of the public nuisance statute, are sufficient for us conclude the legislature intended that a separate notice of conviction be sent after each conviction.

The appellate courts of this state have not previously addressed this issue. Federal courts, however, have upheld the constitutionality of the public nuisance statute. *See Hvamstad v. Suhler,* 727 F.Supp. 511 (D.Minn.1989), *aff'd,* 915 F.2d 1218 (8th Cir. 1990). Although the federal courts determined the public nuisance statute is not unconstitutionally overbroad nor violative of due process, the courts did not address the number of notices that must be provided. Nonetheless, these decisions are helpful in determining the legislature's intent. The Eighth Circuit Court of Appeals stated:

> If the statute permitted abatement on the evidence of a single conviction with no opportunity for the property owner to deny the underlying act or first to eliminate the illegal act himself, the law would likely neither be reasonable nor constitutional.

> However, the abatement statute *sub judice* is designed to encourage property owners to abate the basis for the nuisance themselves by delivering notice of the convictions to the owners.

*Hvamstad,* 915 F.2d at 1220.

Additionally, the district court stated:

> The statute provides that landowners will receive notice of the convictions af-

**308**

ter they occur, enabling them to curtail any illegal conduct on the land. *Hvamstad,* 727 F.Supp. at 516.

██ We believe the federal courts correctly determined that one of the legislature's purposes in enacting the public nuisance statute was to encourage property owners to abate the nuisance themselves. Failure to give notice after the first and second convictions would deprive the property owner of an opportunity to take action to prevent further acts which could lead to a third conviction and a subsequent judicial determination that a nuisance exists.

If, however, property owners receive notice after the first and second convictions, they may be able to take affirmative action to abate the illegal activities. The effect of the city's interpretation of Minn.Stat. § 617.81, subd. 3 is to deny property owners the right to pursue these self-remedying measures because a property owner cannot abate an activity of which it has no knowledge. We find this result would be unreasonable, and thus it cannot be the intent of the legislature. *See* Minn.Stat. § 645.17(1) (1990) (the legislature does not intend a result that is unreasonable).

We believe the legislature clearly intended that property owners have the opportunity to abate the activity prior to any judicial action. Accordingly, we affirm the trial court. Because we find that Minn.Stat. § 617.81, subd. 3 itself requires separate notices of conviction, we need not address respondent's argument that due process requires separate notices of conviction.

### DECISION

The trial court did not err in determining that Minn.Stat. § 617.81, subd. 3 (1990) of the public nuisance statute requires that a separate notice of conviction must be sent after each conviction to the building owner and other interested parties.

Affirmed.