JAMES A. ERICKSON v. AMERICAN HOIST AND DERRICK, INC. AND ANOTHER.
INSURANCE COMPANY OF NORTH AMERICA, RESPONDENT.

225 N. W. 2d 531.

January 10, 1975—Nos. 44644, 42828.

*Castor, Ditzler & Klukas* and *John E. Castor,* for appellant.
*O'Leary, Trenti, Berger & Carey* and *Paul Q. O'Leary,* for plaintiff respondent.

466

*Jardine, Logan & O'Brien* and *Jerre F. Logan,* for defendant respondent.

Heard before Todd, MacLaughlin, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

American Hoist and Derrick Company appeals from a judgment determining that it is bound by the terms of a settlement entered into by its insurer, Insurance Company of North America, hereinafter INA, and from an order denying a new trial or other relief. Appellant challenges the authority of INA to enter the settlement agreement, the jurisdiction of the court to consider the issue, and the refusal of the lower court to allow additional evidence regarding the original personal injury action. The trial court determined that INA had actual and implied authority to make the settlement, that appellant was bound thereby, and that plaintiff was entitled to recover pursuant to his stipulation of settlement. We affirm.

A detailed statement of the facts and evidence in this case is not necessary for our disposition. Briefly stated, appellant bought liability insurance from INA and the terms of the policy provided that appellant would be self-insured after $10,000 up to $50,000, and thereafter the insurance company would provide coverage with certain limitations. As part of this agreement, the insurance company retained the right to negotiate settlements. Plaintiff's claim arose and defense was tendered to the insurance company which provided counsel and the matter was tried to a jury with a resulting verdict of $85,000 for plaintiff. Appellant's trial counsel and a representative of INA conducted negotiations with plaintiff's lawyer and received indication that he would consent to a reduction of the verdict to the amount of $60,000. A meeting was held with appellant regarding this proposal, but appellant indicated that it would request that an offer of settlement of $40,000 be submitted. This was rejected by plaintiff. Subsequently, appellant informed INA that it would

contribute nothing to any settlement and that INA was free to do what it wished. At no time did appellant request INA to appeal the original verdict prior to any settlement agreement. The representative of INA negotiated a settlement with plaintiff, who was unaware of any dispute between appellant and the insurance company, and plaintiff consented to a reduction of the verdict and agreed to a remittitur to permit the entry of judgment for the stipulated settlement. INA paid $20,000 to plaintiff, and plaintiff sought recovery of $40,000 from appellant who refused to pay.

Appellant brought action against INA in Ramsey County District Court seeking a determination that it had no obligation under the settlement because of alleged improper representation at the original trial and improper settlement, and also named plaintiff as a party because it sought to declare the settlement void. Plaintiff then brought action in Koochiching County, the court in which the original action was brought, and it was determined by this court in State ex rel. Amer. Hoist & Derrick, Inc. v. Carew, 293 Minn. 318, 198 N. W. 2d 552 (1972), that venue of this suit was properly in Koochiching County. In that case, we clarified and distinguished the two actions, pointing out that the Koochiching County action, which gives rise to this appeal, involves plaintiff's right to compel payment of a settlement agreement. The Ramsey County action, while also encompassing this issue, primarily is against INA on allegations that it failed to use reasonable care to investigate and defend the original action.

We have carefully examined the record and proceedings in this matter and hold that the evidence considered as a whole sustains the findings of the trial court that a valid settlement agreement was entered into with plaintiff and is binding upon appellant, American Hoist and Derrick Company, and that it is obligated to pay to plaintiff the sum of $40,000, plus interest from the date of the verdict.

We are in accord with the statement of the learned trial court in its memorandum:

"The Court is of the opinion that Mr. Erickson has no further part in any disputes that have arisen or may arise between American Hoist and Insurance Company of North America, and that Mr. Erickson should not be faced with further lawsuits after he agreed to a settlement and a reduction of his verdict in the sum of $25,000.00 in consideration of said settlement, and he should be paid now, regardless of any later outcome of the two defendants other disputes in other courts."

We have examined the other issues raised by appellant and find them without merit.

There is also pending in this court an appeal by American Hoist from the judgment in the original trial (Supreme Court File No. 42828). Appellant moved to have its present appeal consolidated with its appeal in the original action. This motion was denied July 1, 1974. On October 28, 1971, our court entered an order in the earlier appeal indicating that if the stipulation for settlement was sustained, as we have here done, the appeal from the original judgment would be dismissed as being moot. We shall now enter such an order.

Affirmed.